LOUISA HENNEKES, Appellant, v. HENRY BEETZ, Respondent.

St. Louis Court of Appeals. Argued and Submitted December 4, 1919. Opinion Filed January 6, 1920.

1. **PLEADING: Negligence: Petition Charging Specific Acts of Negligence Rule of Res Ipsa Loquitur Does Not Apply.** Where the assingnment of negligence in the petition is that the defendant so carelessly and negligently drove said machine that it turned completely around, etc., this is so far a specific charge of negligence as to take it out of the rule of *res ipsa loquitur* in that it charges negligent driving.

2. ——: ——: ——: **Automobiles: Charge of Negligent Driving Confines Evidence to That Charge.** Where a general allegation of negligence is followed by an enumeration and averment of specific acts of negligence the plaintiff will be held to prove the negligence specifically assigned.

3. **INSTRUCTIONS: Modified Instruction: Party Cannot Attack Instruction Given at Own Request.** Where, at the request of plaintiff, the court gave an instruction which told the jury that if the accident was due to the failure on the part of defendant to use ordinary care in driving the automobile then they should find for plaintiff, and plaintiff requested a second instruction entirely inconsistent with the first instruction which the court modified in an endeavor to make it consistent with the instruction given, plaintiff was not in a position to attack instructions asked and given at her own request.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Glendy B. Arnold,* Judge.

AFFIRMED.

*Frank H. Haskins* and *George L. Newman,* for appellant.

(1) This is a case where the doctrine of *res ipsa loquitur* applies. Clark v. C. & A. Ry. Co., 127 Mo. 209; Lemon v. Chanslor, 68 Mo. 354; O'Gara v. Transit Co.,

204 Mo. 733; Goodloe v. Metropolitan St. Ry. Co., 120 Mo. App. 198. (2) Plaintiff made out a prima-facie case, which in the absence of explanation entitled her to a verdict, and the burden was upon defendant to show to the satisfaction of the jury that the injury was not caused by his negligence. Clark v. C. & A. Ry. Co., 127 Mo. 209; Lemon v. Chanslor, 68 Mo. 356; Goodloe v. Metropolitan St. Ry. Co., 120 Mo. App. 198; Freeman v. Foreman, 141 Mo. App. 364; (3) The court should have given plaintiff's instruction Number Two in the form asked. Clark v. C. & A. Ry. Co., 127 Mo. 209; Lemon v. Chanslor, 68 Mo. 343; O'Gara v. Transit Co., 204 Mo. 739; Orcutt v. Century Bldg. Co., 214 Mo. 47. (4) And the court erred in altering the instruction and giving it in the altered form. Turner v. Butler, 253 Mo. 214; Carey v. Chicago Ry. Co., 188 Ill. App. 450; Maxey v. Metropolitan Street Ry. Co., 95 Mo. App. 311.

*Leahy & Saunders* for respondent.

(1) The *res ipsa loquitur* doctrine does not apply in favor of the guest in an automobile driven by a private owner. Fitzjarrall v. Boyd, 123 Md. 497, 504; Philpot v. Fifth Av. Coach Co., 128 N. Y. Supp. 35, 44; Williams v. Holbrook, 216 Mass. 239, 242; Beard v. Klusmeier, 158 Ky. 135, 50 L. R. A. (N. S.) 1100, 1104; Perkins v. Galloway, 69 So. 875, 877; Patnode v. Foote, 153 App. Div. 494; Berry on Automobiles, (2 Ed.), sec. 334, p. 395; Babbitt on The Law Applied to Motor Vehicles (2 Ed. Blackmore), sec 1219; Loftus v. Pelletier, 111 N. E. 712; Oglesby v. Railway, 177 Mo. 272, 300. (2) The petition in this case is based solely upon alleged negligence on the part of the defendant and since the *res ipsa loquitur* doctrine was not pleaded, it is unnecessary to consider whether under the circumstances it might be applicable. It has long been the rule in this State that where specific negligence is pleaded, plaintiff is confined to that, and cannot rely upon *res ipsa loquitur* doctrine. McGrath v. St. Louis Transit

Co., 197 Mo. 97, 104-105; Feary v. Metropolitan Street Ry. Co., 162 Mo. 75, 96; Topeka and Santa Fe Ry. Co., 129 Mo. App. 498, 503; Grisamore v. Chicago, Rock Island and Pac. Ry. Co., 118 Mo. App. 387, 390; (3) The theory of negligence alleged in the petition was submitted to the jury under plaintiff's instruction No. 1; that was the only theory pleaded and of this instruction, there is, of course, no complaint, since given at plaintiff's request. (4) The attempted *res ipsa loquitur* instruction No. 2, offered by plaintiff and modified by the court was in any event erroneous; first, because not pleaded; second, because not applicable to the facts in the case. Plaintiff (appellant) can in no event complain of invited error. Harper v. Morse, 114 Mo. 317, 322; Bettes v. Magoon, 85 Mo. 580, 586; Wilkinson v. St. Louis Sectional Doct. Co., 102 Mo. 130, 142; Diel v. Stegner, 56 Mo. App. 535, 540; Bielman v. Chicago, etc., Ry. Co., 50 Mo. App. 151, 156; Fenwick v. Bolway, 50 Mo. App. 516, 523.

REYNOLDS, P. J.—The amended petition upon which this case was tried charges that on September 6, 1916, plaintiff was riding in an automobile owned and driven by the defendant, Henry Beetz; that while driving northwardly on Broadway, in the city of St. Louis, "the defendant so carelessly and negligently drove said machine that it turned completely around and smashed violently against the side of the street, throwing plaintiff bodily out of the machine." Charging that she was seriously injured and permanently incapacitated, was put to great expense for medical attendance, medicines and nursing, stating the amount of her expenditures, plaintiff prays judgment for $3500 and costs.

The answer was a general denial.

At the trial of the case before the court and a jury, there was a verdict in favor of defendant, judgment following. Filing her motion for a new trial, plaintiff has duly appealed.

There was evidence in the case tending to prove that plaintiff with others among them defendant's wife and two small children, at the invitation of defendant, was riding in an automobile owned by defendant and which he was driving, the party on the way to a picnic. The street along which the automobile was being driven had been recently sprinkled and while the automobile was travelling northwardly in the street car track, defendant "made a swift turn," according to plaintiff, turning to the left, to get out of the car track on account of a coal wagon on the track some distance ahead. The street was somewhat higher in the middle than at any other point and while the front wheels of the automobile left the track without difficulty, the rear wheels skidded on the wet rails and pavement, causing the automobile to turn around so that it was pointing southwardly, come to a stop, striking the curb of the street and turning over on its side. None of the passengers were thrown out and the automobile, on being righted, was so slightly damaged that it was driven away after the accident. While none of her limbs appear to have been broken, plaintiff was badly shaken up and bruised, in the treatment for which she incurred some expense. There is no evidence for plaintiff as to how fast the machine was going, beyond the statement that it was "going swift."

Defendant introduced evidence tending to prove that he was an experienced driver of an automobile and was proceeding with all due care; that before he turned on the car tracks he was going from 15 to 20 miles an hour; that as he turned from the tracks the gas was shut off; that he had to turn off the rails to pass or avoid a coal wagon; that he was not driving at an excessive speed.

At the conclusion of plaintiff's evidence the defendant interposed a demurrer, which was overruled.

At the close of the case and at plaintiff's request the court gave two instructions, one on the measure of damages and the other as follows:

"I.  The court instructs the jury that if they find from the evidence that plaintiff was injured while riding in an automobile being driven by defendant and that the injury was due to the failure on the part of defendant to use ordinary care in driving the automobile, then they shall find for plaintiff and against defendant."

Plaintiff also asked the court to give an instruction (numbered II) as follows:

"The court instructs the jury that if they find from the evidence that the automobile being driven by defendant skidded with such violence as to turn completely around and hit the curb on the west side of the street with sufficient force to throw it on its side, *they shall infer negligence* from those facts, unless the defendant explains them and affirmatively proves that they were caused by things other than his negligence."

The court refused to give this as asked, substituting, over the objection and exception of plaintiff, for the clause, "they shall infer negligence," which we have italicized, the clause, "and injure the plaintiff you may infer negligence," and gave it as so changed.

Of its own motion the court gave the usual instruction as to the number of jurors necessary to concur in a verdict.

The defendant asked no instructions.

Counsel for appellant say in their statement and brief that their petition "is based on the doctrine of *res ipsa loquitur,* general negligence only being pleaded." On this theory they asked their instruction, which the court refused in the form asked, changing it as we have set out, and they have briefed the case on the theory that that doctrine applies, claiming that plaintiff made out a case, which, in the absence of explanation, entitled her to recover, and that the burden was upon defendant' to show to the satisfaction of the jury that the injury was not occasioned by his negligence, hence that the court should have given the instruction in the form asked and that it erred in altering it and then giving

it as altered.    This is the sole point urged on this appeal.

To determine whether this is a case in which the doctrine of *res ipsa loquitur* applies, we must turn to the petition.

This is the averment touching the matter of liability:

"While driving northwardly, . . . the defendant so carelessly and negligently drove said machine that it turned completely around and smashed violently against the side of the street, throwing plaintiff bodily out of the machine."

Bliss on Code Pleading (3 Ed.), sec. 211a, under the heading, "Negligence is not a conclusion of Law," says that the plaintiff in his pleading "must state specifically what acts caused the injury, adding the negligence as creating the liability, the latter to be stated in a general way, as that 'the defendant by,' etc., 'did run and manage one of their cars in such a grossly careless and negligent manner that,' " etc., referring to Garner v. Hannibal & St. J. R. Co., 34 Mo. 235.

Pattison, Missouri Code Pleading (2 Revised Ed.), sec. 88, says that "if the petition charges specific acts of negligence, the evidence will be confined to the negligence so charged, though the petition also contains a general charge of negligence," citing cases.    And at section 90, he states:

"In cases where the jury are authorized to draw a presumption of negligence from the happening of the injury, under the application of the rule of *res ipsa loquitur;* in which cases it is held that the fact of the happening of the accident or injury makes a prima-facie case of negligence which must be submitted to the jury; a general allegation of negligence is sufficient, and the plaintiff is not required to specify the particular act or acts of negligence causing the injury.    But, if, instead of relying on the general allegation, the plaintiff specifies particular acts of negligence as the cause of the injury, he is required to prove the specific act or acts of

negligence charged or some one of them, and cannot rely on the presumption of negligence which would otherwise obtain in his favor.''

In Garner v. Hannibal & St. J. R. Co., supra, the averment of negligence was that, ''the defendant, whilst running their locomotive with a train of cars attached, negligently struck five head of young steers, the property of plaintiff, and at the place aforesaid, with its locomotive, and killed them,'' followed with an allegation of the value of the steers. There was some preliminary matter which the court held could be disregarded as surplusage, but this allegation of general negligence was held sufficient and all that need be stated.

In the case at bar the assignment of negligence in the petition is as follows: ''The defendant so carelessly and negligently drove said machine that it turned completely around,'' etc. This is so far a specific charge of negligence as to take it out of the rule of *res ipsa loquitur,* in that it charges negligent driving.

In McManamee v. Missouri Pac. Ry. Co., 135 Mo. 440, 37 S. W. 119, it is said (l. c. 447):

''The practice is well established in this State that where a general allegation of negligence, like this, is followed by an enumeration and averment of specific acts of negligence, the plaintiff will be confined to the negligence specifically assigned.''

In Bartley v. Metropolitan Street Ry. Co., 148 Mo. 124, 49 S. W. 840, it is said (l. c. 139):

''The only negligence charged in the petition is that the gripman 'so carelessly and negligently operated said gripiron as to cause said car to jerk and lurch with such force that it broke the plaintiff's hold and threw him on the paved street with great force.' This is a specific charge of a particular act, on the part of the gripman, which was susceptible of positive and direct proof, and excludes any idea of intention of the pleader to rely upon general negligence, but on the contrary expressly limits the plaintiff to proof of the specific negligence averred,'' citing cases.

See the question of pleading negligence, generally, and specific acts, as related to *res ipsa loquitur*, fully discussed and authorities cited, in Pointer v. Mountain Railway Construction Co., 269 Mo. 104, 189 S. W. 805.

In view of the burden of the plaintiff to make her proof of the allegation that the carelessness and negligence consisted in driving the machine so that it turned over, the burden was on plaintiff, in the first instance, to prove this; and where the defendant introduced countervailing evidence in the case, it remained a question for the determination of the jury, then it was that they might, or as the instruction as altered said, "may" infer negligence, but it was not true that they were to assume these facts as to careless driving as proven and as being actionable negligence as a matter of law.

Plaintiff herself by the first instruction, which she asked and which we have quoted, has acknowledged this, when in that instruction, given by the court at her instance, the court told the jury that if the accident "was due to the failure on the part of defendant to use ordinary care in driving the automobile then they should find for plaintiff and against defendant." This instruction is diametrically opposed and entirely inconsistent with the second instruction asked by plaintiff and refused, so that, if for no other reason, the court should have refused to give that second instruction as asked. It did not do this, however, but modified it so that practically, although not very clearly, it made it consistent with the instruction numbered one, which had been given at the instance of the plaintiff, who is hardly in a position to attack instructions asked and given at her own request.

Learned counsel for respondent argues very strenuously that the doctrine of *res ipsa loquitur* does not apply except in cases of common carriers, and does not apply between the owner and driver of an automobile and an invited guest, while the learned counsel for appellant cites cases to the contrary. According to the

view we take of this case, it is unnecessary to notice or discuss this proposition.

Some argument is made on the point as to whether the skidding of an automobile is, in itself, evidence of negligent driving. There is no charge of skidding made in the petition and while there is some evidence to show that the machine did skid, without the fault of the driver, and while it is mentioned in the instruction, it is not necessary for us to pass on the proposition as to whether skidding is in itself evidence of negligent driving. It has been held that it is not in Philpot v. Fifth Avenue Coach Co., 128 N. Y. Supp. 35, and in Loftus v. Pelletier, 223 Mass. 63.

Our conclusion is that the judgment of the circuit court should be and it is affirmed. *Allen* and *Becker*, *JJ.*, concur.