SULLIVAN, Appellant, vs. LUTZ, Respondent.

*May 3—June 5, 1923.*

*Automobiles: Negligence: Law of the road: Question for jury.*

1. Where the only obstruction to the view of an automobile driver is an automobile preceding him in the highway, sec. 1636—49, Stats. 1921, as to reducing speed where the view is obstructed, is not applicable, such provision applying to either natural objects—fog, dust, or other like conditions—and not to moving cars on the highway.
2. Evidence that an automobile driver, after starting to pass a car in front of him going in the same direction, discovered a horse and wagon in front of it and also another car coming from the other direction, and in attempting to get back in his place between the car he had passed and the wagon in front of it skidded so that his front wheels stopped in front of the car coming from the opposite direction, resulting in a collision, is insufficient to establish his negligence as a matter of law.
3. The defendant, having lost control of his automobile, was not responsible for what happened thereafter, unless he was guilty of negligence in its management which resulted in the loss of control.
4. A verdict on an issue clearly for the jury and which was approved by the trial court cannot be disturbed, though upon the evidence this court might have arrived at a different conclusion.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Automobile accident. This action was begun by the plaintiff to recover damages sustained to his automobile by reason of a collision between his car and a car owned by the defendant. The accident occurred on the 10th of November, 1921, at a point on highway No. 10 about four and one-half miles south of the city of Stevens Point. The defendant was traveling south. In front of him was a Ford sedan proceeding in the same direction. Ahead of the Ford sedan was a horse and wagon going south. The plaintiff was coming from the south, traveling north, and as the defendant turned out to go by the Ford sedan the plaintiff was distant approximately 250 feet. When the defendant turned out to go by the Ford sedan the entire situation was for the first time revealed to him. Prior to that time he did not know of the presence of the horse and wagon nor of the approach of the plaintiff from the south. The defendant was driving an Elcar, weighing about 3,000 pounds. The speed of the various cars is estimated at from eighteen to twenty-five miles an hour. When the exact situation was revealed to the defendant he turned to the right to take his place on the right side of the highway between the wagon and Ford sedan, which had slowed down. He proceeded a short distance, estimated at fifty feet, and then attempted to stop his car, when it skidded. In skidding it turned across the highway, so that at the time the collision occurred the front end of defendant's car was over the center line of the street, and in the course of the accident the wagon was struck. The plaintiff's car coming from the south had been turned to plaintiff's right to avoid a collision, came in contact with the defendant's car, and the injuries complained of resulted.

The jury found no cause of action for either party, the defendant having counterclaimed for damages. The defendant claiming that plaintiff was guilty of negligence, the controversy was submitted to the jury in the form of three

special verdicts. By the first form, if they found for the plaintiff they were to so report and assess the damages. By the second form, if they found for the defendant they were to so report and assess his damages. The third form was as follows:

· "We, the jury in the above entitled action, find against the plaintiff, that he has no cause of action against the defendant. We further find against the defendant on his counterclaim that he has no cause of action against the plaintiff."

This was the verdict adopted by the jury. The instructions of the court were such as to make these verdicts in effect general verdicts; that is, in order to find for the plaintiff they were instructed that they must find that plaintiff was free from contributory negligence and defendant was negligent; in order to find for the defendant they must find that the defendant was free from contributory negligence and plaintiff was guilty of negligence. In regard to the third form of verdict they were given the appropriate instructions as to negligence and contributory negligence. Upon the coming in of the verdict the matter was fully argued before the court, there was a judgment dismissing the complaint and counterclaim, and a judgment in favor of the defendant for costs and disbursements. From that judgment the plaintiff appeals.

*W. E. Atwell* of Stevens Point, for the appellant.

*Geo. B. Nelson* of Stevens Point, for the respondent.

ROSENBERRY, J. It is contended by plaintiff that the court erred in not instructing the jury in accordance with the provisions of sec. 1636—49, Stats. 1921, the material part of which is as follows:

"At the intersection of any street or crossroad, and where, for any cause, the view in the direction in which the vehicle is proceeding, shall be obstructed, the speed shall be reduced to such a rate as will tend to avoid danger of accident."

The jury were instructed generally as to the law of the road and that the law provided that

"No person shall operate or drive any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person."

The trial court was of the opinion that the statute in regard to obstruction of view was not applicable, and we concur in that view. The only obstruction to defendant's view in this case was that of the Ford sedan, which was preceding him on the highway. The statute specifically prescribes the duty of drivers under such circumstances, and we hold that that part of sec. 1636—49 applies either to natural objects, fog, dust, or other like condition, and not to moving cars upon the highway.

Upon the whole case we are of the opinion that the question of whether or not the defendant was negligent was a jury question. We shall not attempt to set out the evidence. It was strenuously urged upon the argument that undisputed evidence having established the fact that the defendant's car was crosswise of the street, that the front portion thereof was upon his left-hand side and in a place where, under the circumstances, it had no right to be, there was conclusive proof of negligence, and that the court should say that the defendant was guilty of negligence as a matter of law.

The argument would have much force were it not for the fact that the evidence shows—at least the jury might have so found—that the position of defendant's car at the time in question was due to the skidding of the car. Having lost control of the car, the defendant was not responsible for what happened thereafter unless he was guilty of negligence in its management, which negligence resulted in the loss of control. The alleged negligence in this case consisted in driving the car at the time and place and under the circumstances in question upon a slippery road, at a high rate of speed, or at least at a rate of speed which made it dangerous.

Whether or not the defendant was guilty of a want of ordinary care in the management and control of his car immediately prior to its skidding is a question of fact and one peculiarly within the province of the jury.

In *Linden v. Miller*, 172 Wis. 20, 177 N. W. 909, it was said:

"It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there. No negligence as a matter of law can be charged to the fact that defendant ran his car on Prospect avenue that day on a snowy and slippery roadway."

The evidence in this case was such as would have sustained a verdict in favor of the plaintiff. It is quite clear from the evidence that the plaintiff was not guilty of contributory negligence. The question of whether or not the defendant was negligent was clearly for the jury, and, while we might arrive at a different conclusion upon the evidence, we cannot, under well established rules, disturb the verdict, it having been approved by the trial court.

*By the Court.*—Judgment affirmed.