Hillsborough, }
Feb. 7, 1933. }

ROBERT F. BURNS *v.* EMILE COTÉ.

*Craig & Chretien (Mr. Craig orally), for the plaintiff.*

*O'Connor & Saidel (Mr. Saidel orally), for the defendant.*

MARBLE, J.   The plaintiff's evidence tended to prove the following facts. The highway on which the plaintiff received his injury was constructed of cement.   The plaintiff was walking at the extreme left-hand edge of the cement in order to avoid cars coming from the west.   It was impossible for him to walk on the shoulders of the highway, since snow was piled high on each side of the road.

Paige, driving a seven-passenger Nash touring car and carrying a passenger, saw the plaintiff about five hundred feet away.   The highway was covered with a thick coating of ice, and Paige was driving over this ice at a speed of approximately twenty-five miles an hour. Just before reaching the plaintiff he turned his car to the right to pass an oncoming automobile and, in doing so, ran off the cement.   As he headed the car back toward its former position in the road, it began to skid, turning around twice and striking the plaintiff.   The skidding could fairly be attributed to Paige's manner of operating the car on the icy road, and such operation, in the light of his knowledge of the condition of the highway, might properly be deemed negligent. *Cullen* v. *Littleton*, 84 N. H. 373, 375; *De Antonio* v. *Company*, 105 Conn. 663, 667; *King* v. *Company*, 126 Me. 202; *Sullivan* v. *Lutz*, 181 Wis. 61, 65.

The defendant argues that since the plaintiff "knew the road was a sheet of ice" and must have appreciated the fact that cars might skid, he was in fault as a matter of law for failing to look backward frequently and even for walking in the highway at all.

The mere fact that the plaintiff realized his position was a dangerous one did not preclude recovery.   *Prichard* v. *Boscawen*, 78 N. H. 131, 133, and cases cited; *Vandell* v. *Sanders*, 85 N. H. 143, 144.   He was walking where people were accustomed to walk.   He could observe cars coming from the east, and might reasonably assume that

those coming from the west would pass him on the right. Under such circumstances, the extent to which he was required "to look behind him to protect himself would plainly depend upon all facts of the particular case; and the answer, being an inference to be drawn from facts proved, must be returned by the triers of fact." *Bourassa* v. *Railway*, 75 N. H. 359, 360. The presiding justice did not err in denying the motions for a nonsuit and directed verdict.

The defendant excepted to the denial of the following request for instructions: "I instruct you under the law that skidding in and of itself is no evidence of negligence . . . If you find on the evidence that this accident was caused merely because the car skidded or that it was a pure accident then your verdict must be for the defendant." This was a substantially correct statement of the law. *Lambert* v. *Railway*, 240 Mass. 495; *Osborne* v. *Charbneau*, 148 Wash. 359, 364, 365; Berry, Automobiles (6th *ed.*), *s.* 249, and cases cited; *Moulton* v. *Langley*, 82 N. H. 555.

Paige's negligence was not conclusively established. It is a matter of common knowledge that a car may skid on a slippery road "without fault either on account of the manner of handling the car or on account of its being there." *Linden* v. *Miller*, 172 Wis. 20, 22. The jury might well have found from Paige's testimony that such was the situation in the present case. This was one of the specific grounds of defence, and the requested instructions were pertinent to that issue.

The case differs from *Colby* v. *Lee*, 83 N. H. 303, 310, for here the jury were not "as fully instructed as the evidence in the case demanded." The request should have been granted. *McCarthy* v. *Souther*, 83 N. H. 29, 35; *Webster* v. *Seavey*, 83 N. H. 60, 63; *Cable* v. *Company*, 85 N. H. 258.

The exception to the statement in the charge that Paige was the defendant's agent at the time of the accident need not be considered, since the evidence on that subject will doubtless be more explicit when the case is tried again. There was evidence, however, from which it could unquestionably be found that Paige, acting within the scope of his employment, was carrying a passenger for the defendant when the accident occurred. The request for a peremptory instruction that Paige was not the defendant's agent was therefore correctly denied.

The fact that the verdict must be set aside renders discussion of the remaining exceptions unnecessary.

*New trial.*

All concurred.