### GLENNY v WRIGHT

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 16, 1936

Anderson & Lamb, Youngstown, and Russell Mock, Youngstown, for plaintiff in error.

Henderson, Wilson, Mason & Wyatt, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

Mary A. Glenny brought her action in the Court of Common Pleas of Mahoning County, Ohio, against William H. Wright for damages on account of injuries which she claims to have received on September 25, 1931, when the automobile in which she was riding, and which was being driven by the defendant left the highway, ran into a ditch and upset.

The trial resulted in a verdict for the defendant, and error is prosecuted to this court by the plaintiff below. The parties will be referred to herein as they appeared in the lower court.

In her petition plaintiff alleged that the automobile in question was being driven by and under the exclusive and sole control of the defendant on a main street or highway of the state of New York between the cities of Rochester and Batavia, and that when the automobile reached a point approximately twenty miles southwest of the city of Rochester it suddenly and without warning was caused, allowed and permitted by defendant to leave the road and overturn, thereby causing plaintiff to be injured, and that her injuries were directly occasioned and proximately produced and brought about by and through the carelessness, negligence and unlawful conduct of the defendant in this, to-wit: First, in failing to have his aforesaid car under proper control at said time and place; second, in causing, allowing and permitting said automobile to leave the road and overturn as aforesaid.

The answer of the defendant admitted that on or about the 25th day of September, 1931, an accident occurred at a time when plaintiff was riding as a passenger in an automobile driven by the defendant, and as a result of which plaintiff received some injuries. Further answering the defendant denied the nature and extent of plaintiff's injuries, and denied each and every allegation of plaintiff's petition with relation to negligence, and alleged that defendant was at all times in the exercise of due care toward the plaintiff.

In brief of counsel for plaintiff and in oral argument the following grounds are stressed, upon which it is claimed that reversible error occurred at the trial warranting a reversal of the judgment of the Common Pleas Court, to-wit: (1) that the court erred in its charge to the jury; (2) in the admission of incompetent testimony on behalf of defendant over the objection and exception of the plaintiff; (3) that the court erred in giving defendant's requests before argument over the objection and exception of the plaintiff; (4) that the verdict of the jury is against the weight of the evidence; and (5) that the verdict is contrary to law.

The error complained of in the admission of incompetent testimony arises upon direct examination of the defendant as shown by the record as follows:

"Q. Now then, did you hear the officer testify this morning, did you hear the policeman or the officer testify? A. I heard some of it.

"Q. Is it a fact that you told him you were going 40 miles an hour? A. No, sir.

"Q. Did you, or didn't you, tell him that? A. I did not.

"Q. What did you tell him, William? A. I told him, he asked me how fast I was going and I said to him, 'I really don't know,' I said. 'I can't answer you that, I don't know,' and the gentleman that was driving ahead of me spoke up and said—

"Mr. Mock:    I object.

"Mr. Wilson:    That has been gone into, your Honor.

"A. The gentleman ahead of me spoke up and says, 'I was going 18 miles an hour and he was driving behind me,' that is the only way I know how fast I was going, I know I wasn't going fast but I wouldn't dare say how fast I was going, but that is what the gentleman said that was driving in front of me.

"Q. What was it he said? A. He said to the trooper there he was going 18 miles an hour.

"Q. Yes. A. And he says, 'this man was driving behind me.'

"Q. Was he referring to you then?

"Mr. Mock: Wait a minute.

"Q. As the man who was following him? A. Yes, sir.

"Mr. Mock: I move that question be stricken out, the latter part of this answer.

"Court: It may remain.

"Mr. Mock: And may I have an excep-- tion?

"Court: Yes."

This action was tried before the first day of January, 1936, and therefore was not affected by the recent legislation rendering it unnecessary to reserve an exception to the admission of incompetent evidence. Assuming that the witness should not have been permitted to testify to the statement made by some other person to the police officer in the presence of the defendant, it is observed that no exception was noted by counsel for plaintiff other than to the admission of the last above quoted answer of the defendant previous to which time the witness had already testified to the same effect, as shown from that portion of the record above quoted. It is further observed that upon cross-examination of the defendant, the same matter was brought out and testified to by the defendant without objection, as shown by the record, as follows:

"Q. Wasn't there two state troopers there at the time? A. Two or three of them.

"Q. And you did talk to some of them? A. I talked to some of them, yes, but I couldn't say who it was.

"Q. You don't know how fast you told them you were going, you didn't tell them how fast you were going? A. When he said, "How fast are you going?' I said, 'I really don't know, I wasn't going very fast,' and the gentleman ahead of me spoke up and said he was driving 18 miles an hour and I was behind him. * * *

"Q. Did you take the name and address of that man that you claimed said 18 miles an hour? A. He gave me his card but I never expected anything more of it and I don't know what I ever done with the card.

"Q. That is all."

In this state of the record we find no error prejudicial to the plaintiff in the admission of this testimony.

It is the further claim of counsel for plaintiff in error that the petition is framed and the case was tried under the doctrine of res ipsa loquitor as pronounced in the case of **Weller, Exrx. v Worstall, 129 Oh St, 596, 196 NE, 637,** and that the charge of the court to the jury before argument destroyed any inference of negligence which might be inferred by reason of the happening of the accident; in other words, that the doctrine of res ipsa loquitor was entirely destroyed by the requests given before argument. We agree that the petition was doubtless framed in view of the doctrine of res ipsa loquitor and that the plaintiff would have been authorized to have submitted her case in chief upon a showing that the automobile which caused the injuries complained of was under the sole management and control of the defendant; that the defendant lost control of the automobile, and that it left the traveled portion of the highway, went into a ditch and upset thereby injuring the plaintiff, and further submitting evidence of plaintiff's injuries. If the record had been left in that state an inference of negligence would have arisen to be weighed by the jury, though not necessarily accepted by the jury as sufficient, leaving to the defendant the opportunity to produce evidence in explanation of the accident and when all the evidence was in, the question for the jury would be whether the plaintiff has proven by the preponderance of the evidence that plaintiff's injuries were directly and proximately caused by the negligence of the defendant. This was the mode of procedure in the case of Weller, Exrx. v Worstall, supra, with which we thoroughly agree, but, by an examination of the record in the case we now have before us, we find that the plaintiff in presenting her case called the defendant for cross-examination, as permitted by the statute, and thoroughly presented evidence showing all of the details of the occurrences, among these details being that the defendant was the driver of the automobile in question upon a public highway of the state of New York at the time and place alleged in the petition; that the speed of the automobile was approximately 18 miles per hour; the manner of the construction of the highway; the grade of the road at the point in question; the location of other automobiles being operated over the same; the distance of the defendant's automobile from other automobiles being operated on the highway at the time and place; the fact that it had been raining, and that the road was wet and slippery; that when the car skidded it went five or six feet into a ditch and turned over on one side. The plaintiff in presenting her case was then called and gave her testimony showing

that she was a passenger in the automobile operated by the defendant on the highway in question, at the time and place in question, riding in the front seat with the driver; that it was raining and had been raining for some time and the roadway was wet. Being asked by counsel what was the first she knew of the happening, plaintiff replied:

"A. Well, the first that I knew of the happening was that I felt the car sway, I thought I did, I felt the car sway and then the car skidded * * * and we were thrown, not in the ditch but on the bank beside the ditch."

The plaintiff further offered as a witness a justice of the peace residing at Stafford, Genessee County, New York, who testified that he saw the accident happen; who testified, among other things, that the automobile of defendant was traveling, at the time it left the highway, at about 35 or 40 miles an hour; that there were two or three cars ahead of the automobile driven by the defendant; that defendant's auto was traveling in the right section of the road "and all at once it seemed to sway right off into the ditch."

On cross-examination this witness testified that the road was a narrow road; that there have been a good many accidents, but that he never considered the road any more dangerous than a good many other highways running through the state of New York, but that this section of the road got the name of being a "skiddy section."

Plaintiff in presenting her case in chief next called as a witness P. K. Lightner, a trooper in the Department of State Police of the state of New York, who testified that he was called to investigate the accident in question; that the highway at the place in question is concrete covered with a bituminous surface, sixteen feet wide with a shoulder about three feet; that it had been raining, the pavement being wet; that he had had a conversation with the defendant, during which conversation the defendant told him he had been operating his automobile at approximately forty miles per hour.

Without adverting further to the evidence produced by the plaintiff in chief, it is apparent that the case was not tried solely in reliance upon the doctrine of res ipsa loquitur, but was tried as any other negligence action. Upon examination of the charge of the court to the jury we find no requests whatsoever made by counsel for plaintiff before argument invoking the doc-

trine of res ipsa loquitor. A careful reading of the charge given by the court to the jury after argument discloses no mention made with reference to the doctrine of res ipsa loquitor. At the conclusion of the charge of the court to the jury the court asked counsel if either had anything further, to which counsel for the plaintiff replied, "Nothing further, your Honor." Only a general exception was noted by counsel for plaintiff to the charge given by the court after argument, no exception or objection being made to the failure of the court to charge upon the subject of res ipsa loquitor. In this state of the record we are inclined to the view that the rule laid down by the Supreme Court in the case of Beeler v Ponting, 116 Oh St, 432, 156 NE, 599, is applicable. We quote the syllabus thereof:

"Where the facts and circumstances shown by the evidence in the trial of a negligence suit are such as would ordinarily call for the application of the doctrine of res ipsa loquitor, it is the duty of the trial court to charge upon that subject, but the omission to do so in the absence of a request of counsel for an instruction upon that subject is not reversible error."

In its opinion the court says:

"The jury not having considered the inference to be drawn from the facts and circumstances, and upon the issue of actual negligence having rendered a verdict in defendant's favor, the only question before this court is whether the omission of the trial court to instruct the jury upon the subject of res ipsa loquitor, in the absence of a request so to do on the part of counsel for the plaintiff, constituted reversible error.

"* * * That doctrine being a rule of evidence, it is not necessary to be pleaded, and it only remains to be determined whether it is the duty of the court to instruct the jury upon that subject, in the absence of a request so to do on the part of counsel for the plaintiff. We are of the opinion that it is the duty of the trial court to instruct the jury on that subject, if the facts and circumstances shown call for the application of the rule, but it does not follow that the omission so to do constitutes such failure on the part of the trial court to separately and definitely state to the jury the issues of fact as would amount to a non-compliance with §11477, GC, as interpreted by this court in E. & O. Rd. Co. v Lockwood, 72 Oh St, 586, 74 NE, 1071. It has been many times held by this court that a certain duty devolves upon counsel

to request an instruction upon certain questions arising during the trial of a case, where the court has omitted to do so. In the instant case counsel not only made 'no request, but made no specific objection to the charge. Having taken only a general exception, they have raised no question of law as to mere omissions of the court, but, on the contrary, have only presented questions of errors of law existing in the charge as given. It not being necessary to plead res ipsa loquitor, and there being an issue as to the actual negligence of the defendant, and the court having charged upon that subject, and counsel not complaining in this court concerning the charge as given upon the subject of defendant's duty to exercise care, it must be concluded that this case comes within the principle declared in **Columbus Ry. Co. v Ritter, 67 Oh St, 53, 65 NE, 613; State v McCoy, 88 Oh St, 447, 103 NE, 136, and State v Driscoll, 106 Oh St, 33, 138 NE, 376.**"

The language of the Supreme Court, above quoted, is entirely applicable to the situation in the case at bar. It must be remembered that res ipsa loquitor is not an issue made by the pleadings, or an issue made by the evidence, but is simply a rule of evidence applicable under certain facts and circumstances. The court did charge the jury in this case upon the issue of negligence set forth in the petition.

But it is claimed that the trial court erred in giving the following specific requests to charge on behalf of defendant before argument, to-wit:

Request No. One: "The court charges you as a matter of law that the mere fact that the car driven by defendant Wright skidded is of itself no evidence that defendant was negligent, and no negligence may be inferred therefrom."

Request No. Two: "The court charges you as a matter of law that if you find that defendant Wright exercised the same or similar care or caution as is ordinarily exercised by ordinarily prudent persons under the same or similar circumstances, then your verdict must be for the defendant even though the car driven by the defendant went off the road."

Request No. Four: "The court charges you that as a matter of law that the defendant was under duty to exercise ordinary care for the safety of the persons riding in the car, and if you find that while exercising ordinary care under the circumstances, the car skidded and went off the road resulting in plaintiff's injuries, then your verdict must be for defendant."

Request No. Five: "The court charges you as a matter of law that the mere fact that plaintiff received some injuries, is no evidence whatsoever that the defendant was negligent and no negligence may be inferred therefrom."

We have no difficulty in finding that the court committed no error which was prejudicial to plaintiff in giving defendant's requests Nos. 2, 4 and 5, as above set forth.

Request to charge No. 1 above quoted and given by the court before argument, presents a more difficult proposition in that we find no case in the state of Ohio, or have we been cited to any by counsel for plaintiff, wherein the courts of this state have definitely decided whether the mere fact that an automobile skids is of itself evidence of negligence, or whether an inference of negligence can be inferred from the mere fact that an automobile skids upon the highway. The case coming nearest to the solution of this problem is that of **Nose v Suhadolnik, 7 Abs 441,** wherein the opinion was written by Judge Roberts of this court sitting with Judges Middleton and Mauck in the Eighth Appellate District. In this last mentioned case the trial court refused to give the following request after argument:

"I ask the court to instruct the jury that the mere fact that the automobile of defendant skidded upon the pavement without any other explanation of the skidding does not of itself show or denote negligence on the part of the defendant."

In the opinion the court says:
"The jury was quite fully and clearly instructed concerning the issues and its duties by the trial judge and it is not apparent that the jury could have understood that the skidding of the automobile could be considered by it as a ground of negligence or a reason for recovery by the plaintiff. The jury in its consideration of the issues must have looked back and beyond the mere skidding of the car to determine whether or not substantive negligence had occurred. While the simple skidding of the car was not of itself negligence, the car of course could not have skidded unless by reason of force applied in some way which put it in such motion, and that force under the issues, was the operation of the car at such speed immediately preceding the accident in such manner and on a slippery pavement as

caused the skidding. While the skidding of the car caused it finally to come in contact with the child the proximate negligence was that which caused the truck to skid. It is therefore not apparent that the refusal of the court to give this instruction was or presumably could have been prejudicial for the reasons suggested, namely, that the skidding of the car was not a proximate alleged act of negligence."

We are cited to no other case by counsel for plaintiff in error to sustain the proposition that this request to charge No. 1, given by the court on behalf of the defendant below, was erroneous, and we think the language of the court in the case of Nose v Suhadolnik, supra, recognizes the principle that "simple skidding of the car was not of itself negligence." ▮▮▮▮▮ On the other hand we find a long line of decisions to the effect that skidding may occur without fault and does not necessarily imply negligence.

See the case of Philpot v Fifth Avenue Coach Co., 142 App. Div. (N. Y.), 811, 128 N. Y. Supp., 35, and Hennekeo v Beetz, 203 Mo. App., 63, 217 SW, 533.

From Linden v Miller, 172 Wis., 20, 177 NW, 909, 12 A.L.R., 665, we quote the first paragraph of the syllabus:

"The skidding of an automobile does not necessarily imply negligence, so that the doctrine of res ipsa loquitor is not usually applicable to a collision resulting therefrom."

In the opinion the court says: "Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. * * * In order to make the doctrine of res ipsa loquitor apply it must be held that skidding itself implies negligence. This it does not do. It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there."

From the case of Barret v Caddo Transfer & Warehouse Co., Inc., 165 La., 1075, 116 So., 563, we quote:
"The mere fact that an automobile skidded is not evidence of negligence."

From the case of Osborne v Charbneau, 148 Wash., 359, 268 P., 884, 64 A.L.R., 251, we quote:

"The mere skidding of an automobile does not, alone and unexplained, furnish evidence of the negligent operation of the car."

From the last cited case, at page 364, we quote:
"The mere skidding of an automobile is not an occurrence of such uncommon or unusual character that alone and unexplained it can be said to furnish evidence of negligence in the operation of a car."

"Sullivan v Lutz, 181 Wis., 61, 194 NW, 25; Berry on Automobiles (4th Ed.), pp. 227-228; Linden v Miller, 172 Wis., 20, 177 NW, 909; Burke v Cook, 246 Mass., 518, 141 NE, 585; Kelleher v Newburyport, 227 Mass., 462, 116 NE, 806; Huddy on Automobiles (5th Ed.), §338; 2 Blashfield, Cyclopedia of Automobile Law, page 1913."

To the same effect are the following cases: Williams v Holbrook, 216 Mass., 239, 103 NE, 633; Loftus v Polletier, 223 Mass., 63, 111 NE, 712; Lambert v Eastern Massachusetts Street Ry Co., 240 Mass., 495, 134 NE, 340, 22 A.L.R., 1291; Siegl, Admr. v Watson, 181 Wis., 619, 195 NW, 867; Wing v London General Omnibus Co., 2 K. B., 1909 (Eng.), 652, 101 L. T. R., 411.

See also: Volume 5, Cyclopedia of Automobile Law, Blashfield, 1934, page 268, stating that the operator of an automobile is not necessarily negligent because it skids or slides on an icy street, with citation of authorities.

We are inclined toward the view that the great weight of authority sustains the position taken by the trial court in this case in charging the jury as requested in defendant's request No. 1, given before argument.

The further claim is made in oral argument by counsel for plaintiff in error that the trial court erred in giving to the jury before argument special written request No. 6 on behalf of defendant. The record discloses the following:

"Six. The court charges you as a matter of law that in deciding the issue in this case you are performing purely an intellectual duty, and you are to completely exclude from your minds all sympathy or prejudice. It might be better to pluralize that word 'issue.'
"Mr. Wilson: Yes.
"Court: If you have no objections I will make that plural.
"Mr. Wilson: I haven't.
"Court: What do you think about it?
"Mr. Mock: Will the court give me exceptions?

"Court: Yes, sir, I shall, sir, the best I know how."

It is the claim of counsel for plaintiff in error that the court had no right to change in any particular the request as submitted by counsel for the defendants below, and that when the court changed the word "issue" to "issues" prejudicial error was thereby committed. It is true that the party who requests a special charge in writing before argument has the right to insist upon the charge being given as requested provided that the  charge is good law applicable to the issues, but since counsel who requested this charge consented to the word "issue" being pluralized we are unable to see how this could in any manner prejudicially affect the plaintiff below.

Upon the question of the weight of the evidence, in this case, we are unable to find that the verdict is manifestly against the weight of the evidence after a very thorough reading of the record, it being the province of the jury to determine from all of the facts and circumstances shown in this case whether or not the defendant was guilty of negligence which was the direct and proximate cause of plaintiff's injuries, and finding no error in the charge of the court, or in the introduction of incompetent evidence, and having considered all of the errors urged on behalf of the plaintiff in error, and finding no error in the record prejudicial to the rights of the plaintiff in error, the judgment of the trial court is affirmed.

Judgment affirmed.

ROBERTS and CARTER, JJ, concur.