Carroll,
Dec. 6, 1938.

MARGARET NICKERSON, *Adm'x v.* WALTER H. BENTLEY.

*William H. Sleeper* and *William N. Rogers* (*Mr. Rogers* orally), for the plaintiff.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

PAGE, J.   There was evidence tending to show that the child was hit while standing still midway between the middle line of the highway and the westerly shoulder, while the defendant was driving in a northerly direction.   If this evidence were accepted, the defendant was driving in the middle of the highway, or to the left of the middle.   With this in mind, the defendant's counsel seasonably requested that the court instruct the jury as follows: "The mere fact that Mr. Bentley's car may have been to the left of the center of the road at the time the child was struck is not in and of itself fault." No instruction was given that related remotely to the principle involved in the request.

534

The request correctly stated the law of the road. The statute (P. L., c. 90, s. 1) requires a driver to turn to the right of the center when meeting and passing a person moving in the opposite direction. The rights and liabilities of the parties depended, it is true, upon common-law principles (*Praded* v. *Magown*, 88 N. H. 405), and the defendant would have incurred liability by driving in the course suggested only if he had had reason to anticipate the presence and movements of the deceased. The matter thus brought to the attention of the court, though incompletely stated, required specific instruction. *Bürke* v. *Railroad*, 82 N. H. 350, 361-363; *Burns* v. *Cote*, 86 N. H. 167, 169. While it is true that the jury were told that if the boy ran across the highway from behind the mail car coming from the north, reasonable anticipation and reasonable care with respect to such anticipation must guide them, nothing was said as to the situation if the boy were not running but merely standing still.

If the jury found that the boy was standing still, they may have suffered from the erroneous impression, more or less popular, that the defendant was liable because driving on the "wrong side of the road." The point having been brought to the attention of the court, it was his duty to explain that the defendant was not to be found liable merely because he may have driven to his left of the middle of the road; that such action would charge him only if he ought to have anticipated the boy's presence or movements in season to have avoided the accident. Other requests for instructions are substantially disposed of by the foregoing discussion. There must be a new trial.

If photographs of the deceased are offered at the new trial under circumstances similar to those at the last trial (after other evidence, or an admission, that the deceased was in good health), they are to be regarded as relevant, but as cumulative or possibly prejudicial, and are to be admitted or excluded in discretion in accordance with the opinion in the case of *Hackett* v. *Railroad*, *ante*, 514. Other alleged errors may not occur at the retrial and need not be considered.

*New trial.*

BRANCH, J., was absent: the others concurred.