Hillsborough, } No. 3624.
Dec. 23, 1946. }

VALENTIS GRIGAS *v.* MERRIMACK FARMERS' EXCHANGE.

*Leonard G. Velishka,* for the plaintiff, furnished no brief.

*Wyman, Starr, Booth, Wadleigh & Langdell (William J. Starr, Jr.* orally), for the defendant.

BURQUE, J. The accident happened December 18, 1942. There was eight or ten inches of snow on the ground. Plaintiff had ordered grain from the defendant, and its employee was in the act of delivering it. Plaintiff's buildings were reached over a private driveway which led from the main highway over plaintiff's premises. The driveway had not been plowed nor opened and defendant's truck had to plow its way through the snow, uphill until it reached the plaintiff's yard where there was a knoll and a slight incline past the plaintiff's house to his barn. Defendant's truck had chains on and was proceeding at a speed of about five miles per hour. As the operator started to slow down in plaintiff's yard he applied his brakes and the truck slid on some ice, which was underneath the snow, for about ten to fifteen feet, and hit plaintiff's house. The operator knew the road, having delivered grain there before many times during the course of a year prior to the day of the accident. He could not see the ice, and had no warning there was any there until after he applied his brakes. He did this in order to back up to the barn to deliver the grain. Due to the amount of snow that had fallen, defendant's driver had on a heavy, approximately five-ton load. He would have had to back the truck as he did to turn around and go back to the main highway which was about a mile and one-half distant, as the driveway came to an end at the buildings. This is the way he had always done.

The above facts are undisputed, except that plaintiff says his buildings are three-quarters of a mile from the main highway instead of a one and one-half mile as claimed by the defendant.

The Court was right in saying there was not one iota of negligence shown. The only negligence claimed by the plaintiff, as appears in the record, is that defendant's truck should have stopped some distance away from the buildings, on level ground, from where the driver could have delivered the grain. This it appears would be about one hundred yards away. But as it already appears, the defendant would still have had to drive to the buildings to turn around and go back to the main road.

It is clear that the cause of the accident was the ice under the snow. This was on plaintiff's premises, and defendant cannot be charged with knowledge of a condition which plaintiff himself, according to his own testimony, knew existed and of which defendant had no knowledge. There is nothing in the case to indicate defendant should have had knowledge of the presence of ice under the snow.

We are therefore confronted with a plain case of skidding caused by no negligence on the part of the defendant, and it has been the law of this state ever since *Burns* v. *Cote*, 86 N. H. 167, 169, that skidding in and of itself, when not due to carelessness on the part of the operator of an automobile, is not evidence of negligence.

*Judgment for defendant.*

All concurred.