Hillsborough,
No. 5014.

### JEANETTE DUPONT *v.* JOHN R. SULLIVAN, JR.

Argued January 3, 1962.

Decided January 29, 1962.

*Fuller, Flynn & Riordan* and *John C. Driscoll (Mr. Driscoll* orally), for the plaintiff.

*Arthur J. Reinhart* (by brief and orally), for the defendant.

DUNCAN, J. The collision which gave rise to this action occurred when the defendant's northbound automobile skidded into the southbound lane, striking the front of the plaintiff's vehicle. The accident occurred in the daytime in a wet snow storm which made the highway "slippery" and "icy and slushy." The defendant was proceeding downgrade on a curve when his car commenced to skid, and the collision occurred on level ground at the foot of the grade. Following the collision the defendant signaled a northbound truck to stop, and the truck skidded into a ditch on the easterly side of the road, as the operator sought to avoid another collision.

The defendant testified that he "went into a skid" as he was going down the hill at a speed of twenty to twenty-five miles an hour, and that he skidded for a hundred or a hundred and fifty feet before the collision occurred. He testified that he tried to pull out of the skid by turning the wheels and "pumping" the brakes, but was unable to prevent the car from swerving into his lefthand lane. It appeared that the defendant was traveling without chains or snow tread tires, but that his "regular tires" had been purchased new in the preceding November.

The plaintiff testified that she could not tell whether or not the defendant's car skidded, but her report to the Motor Vehicle Commissioner filed the day after the accident stated that the defendant's vehicle "skidded across road in front of my car."

The defendant requested the Trial Court to instruct the jury that "the fact that the defendant's car skidded into the plaintiff's car is not evidence of negligence in the absence of carelessness in the manner of its operation," (citing *Grigas* v. *Exchange,* 94 N. H. 232) and that "under the law . . . skidding in and of itself is no evidence of negligence. If you find on the evidence that this accident was caused merely because the car skidded or that it was a pure accident then your verdict must be for the defendant. It is a matter of common knowledge that a car may skid on a slippery road without fault either on account of the manner of handling the car or on account of its being there" (citing *Burns* v. *Cote,* 86 N. H. 167).

In discussing the requests prior to instruction to the jury, the defendant advised the Court that he thought that he was "entitled to some sort of instruction regarding skidding . . . because it's a very vital point in this case" and urged that the language of the *Grigas* case be followed. The Court commented that he saw no objection to an instruction on "pure accident."

The charge to the jury contained the customary instructions regarding negligence and contributory negligence. The plaintiff relied upon the statute (RSA 250:1) which requires a traveler to turn to the right of the center upon meeting another vehicle. The jury was instructed that if the defendant violated the statute, and if the violation was causal, and the plaintiff free from negligence, "then you would find a verdict for the plaintiff." The Court stated that the "defendant claims that it was an unavoidable accident, a pure accident, and that there was no fault on the part of the defendant" and "that it was the fault of the plaintiff." The jury

was then instructed that if the plaintiff was guilty of causal negligence, "you would, of course, find for the defendant."

Whether an instruction with respect to pure accident, or unavoidable accident should be given, rested in the discretion of the Trial Court. *LaDuke* v. *Lord,* 97 N. H. 122, 124. While the Court stated that the defendant claimed that it was such an accident, the charge neither defined "pure accident" nor instructed the jury as to the consequences which would follow a finding that it was unavoidable. Thus the effect of the instructions given was to direct a verdict for the plaintiff on the basis of the statute unless she was causally negligent.

The defendant's primary defense was that any violation of the statute on his part was due to skidding. He further claimed that skidding alone, not caused by careless operation, was not evidence that he was negligent or at fault and he asked for an instruction covering this issue. The Court's refusal to charge the jury in some appropriate form upon this correct and applicable principle of law was error. *Burns* v. *Cote,* 86 N. H. 167, 169; *Grigas* v. *Exchange, supra,* 94 N. H. 232; *LaDuke* v. *Lord, supra,* 123-124. See also, *Calley* v. *Railroad,* 92 N. H. 455, 464; *Wiggin* v. *Kingston,* 91 N. H. 397; *Ramsdell* v. *Company,* 86 N. H. 457; 437 Briefs & Cases 1, 86-87; Annot. 113 A.L.R. 1002.

*New trial.*

All concurred.