Coos,
No. 5056.

ADLEY EXPRESS COMPANY & a.

*v.*

ALFRED R. BRUZZESE, JR. & a.

Argued September 5, 1962.

Decided September 28, 1962.

*Rich & Burns* (*Mr. James J. Burns* orally), for the plaintiffs.

*Devine, Millimet & McDonough* (*Mr. Shane Devine* orally), for the defendants.

BLANDIN, J. The defendants Converse Rubber Company and Bruzzese have excepted to the Court's denial of their request to charge the jury that "Skidding, in and of itself, is not evidence of negligence." In place of this, the Court instructed the jury as follows:

"Now, let us review what the particular claims of negligence are, how we go about determining this question of negligence. Now, of course, the fact that there was an accident, even the fact that the accident occurred by reason of a skid, is not the particular

thing we are examining when we are examining the conduct of Mr. Bruzzese. We are attempting to examine the conduct of Mr. Bruzzese up to the actual point in which he was engaged, first, in the accident in which he was engaged; that involves an appraisal by you of his operation of his truck up to the time of the actual accident which he had. It involves an appraisal by you of his actions, the weather conditions, the speed at which he was traveling, his control of the truck, his operation of the truck, his observations, his opportunities for observation, and all the other factors that went into his operation of the truck. Once you have examined that conduct in your mind from the evidence you have heard in the Court Room, you will make a determination in your own mind as to whether he was or he wasn't negligent under all the circumstances."

It appears that when the defendant Bruzzese left Berlin, New Hampshire, around 12:30 A. M. on the night in question, it was "blowing snow" and the storm increased as he drove south. Just north of the place where the accident happened, as he came onto a curve, he testified that "I felt myself slipping. I could feel it sliding on me, and looked into my right mirror and saw the box brushing up against the snow bank. I knew I was starting to jack. I touched the trolley lightly and fed it a little bit of gas to try and straighten it out. That's all I remember after that . . . As far as I was concerned at the time I jacked and flipped over."

Based on this testimony, a keystone of Bruzzese's defense to the claim that he was negligent was that the accident was caused by skidding and was not his fault. Although it was not necessary that the Court charge upon this issue in the specific language of the defendants' request (*Bixby* v. *Railroad*, 94 N. H. 107, 109), it was nevertheless essential that the jury be told that the fact Bruzzese's unit skidded was in and of itself no evidence of his negligence. *Dupont* v. *Sullivan*, 104 N. H. 36, 38. We do not believe that the language of the Court gave the jury an adequate understanding of this simple principle or its application to this case. The defendants' exception must therefore be sustained. See *Davis* v. *Company*, 94 N. H. 321, 323.

Since the question may arise in future proceedings, we deem it advisable to pass upon the defendants' exception to the Court's charge to the jury that Bruzzese could be found to have violated the so-called flare statute (RSA 263:52), with reference to trucks parking on public highways at night, which reads as follows:

"Every truck, bus, or tractor when operated outside of the lighted area of towns or cities . . . must . . . place one oil-burning light or flare or reflector-type flare one hundred feet in front and another one hundred feet in the rear of such vehicles."

The essence of the defendants' contention on this issue is that Bruzzese was rendered unconscious by the accident for an indeterminate period, and after he recovered his senses he lacked the "reasonable time" which the law allows within which to set up his flares and warn the plaintiff. *MacDonald* v. *Appleyard,* 94 N. H. 362, 365. They argue that a motor vehicle operator who becomes suddenly unconscious from an unforeseen event cannot be found at fault. *Savard* v. *Randall,* 103 N. H. 234, 236. However, it is undisputed that no flares were set out, and once this was established, the burden of going forward and showing that Bruzzese's violation of the statute was excused because he was unconscious, rested on the defendants. *MacDonald* v. *Appleyard, supra,* 365.

Bruzzese's testimony regarding his condition, in addition to that previously set forth, was as follows:

"A. I remember getting up off the seat of the truck and getting out of the truck on the driver's side and getting out and looking for my hat. I was surprised at the whole mess and saw the [trailer] body lying in the road. I was looking for a hat. Finally I came to my senses and knew I had to get up some flares and I went to the flare box to get some flares."

"Q. Do you have any idea, Mr. Bruzzese, how long you were unconscious?

"A. I don't know . . . I really don't know . . . .

"Q. What is your best judgment as to how long you had been walking around the area before you saw the Adley truck coming?

"A. I really don't know. All I know is I looked around the area, looking for a hat I had brought, looking for a hat. I don't know. Like I say, I was dazed, and how long I was there, I don't know. I have no idea whatsoever." He had walked only a few feet north with the unlighted flares when the Adley truck came around the curve, and being unable to stop, "jacked" and "slid" into the overturned trailer.

The defendants correctly point out that disbelief of testimony is no substitute for proof and that the jury could make no affirmative finding that Bruzzese did not lose consciousness merely because they disbelieve his statement that he did. *Bissonnette* v. *Cormier,* 100 N. H. 197, 199.

However, in the present situation, this principle does not help him. It is undisputed that he was in full possession of his faculties immediately before the accident. The jury could therefore disbelieve his statement that he was rendered unconscious and find, as they apparently did, that his condition of consciousness continued at all times. *Marcoux* v. *Collins*, 94 N. H. 345, 347; 2 Wigmore on Evidence (3d *ed.*) *s.* 437, *p.* 413. It was therefore within the jury's province to determine that Bruzzese violated the statute requiring the setting out of flares (RSA 263:52) and that his violation was causal. *Connors* v. *Turgeon*, 96 N. H. 479, 481; *Sanders* v. *Welch Co.*, 92 N. H. 74, 76. It follows that the Court's charge on this issue was proper.

What we have decided renders unnecessary consideration of other questions and the order in all cases is

*New trial.*

All concurred.