Cheshire,
No. 5997.

LESTER D. PERKS by his father
and next friend DR. MAX PERKS

*v.*

MICHAEL SHOR.

DR. MAX PERKS

*v.*

MICHAEL SHOR.

June 2, 1970.

*Bell & Kennedy ( Mr. William H. Kennedy* orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch ( Mr. Matthias J. Reynolds* orally ), for the defendant.

GRIFFITH, J. Plaintiff Lester D. Perks, a minor, was injured while a passenger in an automobile operated by the defendant on July 12, 1966. His father Dr. Max Perks brought suit for consequential damage. The accident occurred when defendant's car left the highway on the Kancamagus Trail and went over an embankment. Trial by jury resulted in verdicts for the defendant in both cases. Although it was not raining at the time of the accident, the road was wet in patches and immediately before plunging over the embankment the car went into a skid on a wet patch of road. Plaintiffs' exceptions to the court's charge to the jury and to the denial of their motions to set the verdicts

aside and for judgments notwithstanding the verdicts were reserved and transferred by the Trial Court ( *Morris,* J. ).

The court in part charged the jury "if you find on the evidence that the accident was caused merely because the car skidded, that it was a pure accident, then of course your verdict must be for the defendant. " The plaintiffs concede that the instruction is in language first approved in *Burns* v. *Cote,* 86 N.H. 167, 169, 164 A. 771, 772 except for omission of the word " or " before the phrase "that it was pure accident. " Plaintiffs argue that the omission of the word " or " changed the meaning of the instruction and amounted to a charge that if the accident was caused by the skid it was pure accident. We do not so construe the charge as given and we note that the plaintiffs made no such objection to the trial court at the conclusion of the charge.

The charge as given in effect limited the pure accident finding to the skid if it occurred without negligence of the defendant. This was a desirable restriction on the submission of pure accident, otherwise the jury would be left with the undefined other possibilities of pure accident held incorrect in *Dupont* v. *Sullivan,* 104 N.H. 36, 38, 177 A.2d 389, 391. Where a jury has been instructed in detail that liability may be based only on the causal negligence of the defendant we have indicated that instructions on pure accident may be confusing. *LaDuke* v. *Lord,* 97 N.H. 122, 83 A.2d 138. While some jurisdictions have held that the instruction should never be given ( *Butigan* v. *Yellow Cab. Co.,* 49 Cal. 2d 652, 320 P.2d 500; Annot., 65 A.L.R.2d 12, 20 ) we have left it to the discretion of the trial court. In the present case however the only basis on which the accident could be found unavoidable was on a finding that it occurred because of a skid without negligence on the part of the driver. In this situation it would have been error on the part of the trial court not to limit pure accident to the skid. *Dupont* v. *Sullivan, supra.*

The plaintiffs argue that all cases in which the skidding instruction has been required have involved roads covered with snow, ice or slush and that the instruction should not be given where as here the highway was only wet in patches. *See Burns* v. *Cote,* 86 N.H. 167, 164 A. 771; *Dupont* v. *Sullivan,* 104 N.H. 36, 177 A.2d 389; *Adley Express Co.* v. *Bruzzese,* 104 N.H. 283, 184 A.2d 564. We do not find this argument sound since it would appear that the lack of warning that the road was slippery would make it more probable that a skid was not due to negligence

than would be the case if the danger were obvious. *See Grigas* v. *Exchange,* 94 N.H. 232, 50 A.2d 230. *Cf. Hill* v. *Company,* 96 N.H. 14, 16, 69 A.2d 1, 3.

The plaintiffs argue finally that their motions to set the verdicts aside and for judgment notwithstanding the verdicts should have been granted as no reasonable man could have failed to find for the plaintiffs. From the evidence the jury could properly find that the accident resulted from a skid not due to negligence and the motions were correctly denied.

*Judgment for the defendant.*

All concurred.