The trial judges found corroboration in the fact that the respondent did not deny the charges when first made. This is attempted to be explained; nevertheless the circumstance is some corroboration. Upon full consideration we have reached the conclusion that the judgment of the five judges is not contrary to the manifest weight of the evidence.

*Judgment affirmed.*

KUNKLE and FERNEDING, JJ., concur.

---

THE CITY OF CINCINNATI v. ROBINSON.

*Jury—Refusal to dismiss and continue case, not prejudicial, when—Another jury admonished and discharged for disagreement—Negligence—Charge to jury—Guest and automobile driver not engaged in joint enterprise, when—Municipal corporations—Failure to keep street in safe condition for travel.*

1. It is not prejudicial error for a court, after impaneling a jury, to request the jurors to take seats in the court room, and then, in their presence, to call to the jury box another jury to which another case had been submitted, and on which they could not agree as to a verdict, and admonish them that they had disagreed in two other cases, and state to them that he does not believe in forcing an agreement, that he favors jurors standing out for their convictions, and that while there is no reflection upon their services the fact that they have disagreed in two cases indicates that the general interest of justice might not be promoted in retaining them in future cases, and to discharge them for the term. And such procedure is not ground for dismissing the jury in the instant case and continuing the cause.

2. In an action against a municipality for damages for injuries sustained by being thrown from an automobile because of a hole in the street, the court may properly refuse to charge on the question of joint enterprise, where the evidence discloses that the plaintiff was riding by invitation of the driver and did not assume or possess any right in the management or control of the automobile.

3. In such action a verdict in favor of the plaintiff is not against the weight of the evidence where it is disclosed that the street at the place in question was badly out of repair and full of holes; that the hole which caused the accident was near the center of the street and was from fifteen to eighteen inches deep and about three feet long; that the street had been in such condition for some months; that the city knew of the condition; and that that section of the street could have been repaired in one day.

(Decided May 14, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Saul Zielonka*, city solicitor, and *Mr. Dennis J. Ryan* and *Mr. Max M. Schiff*, assistant city solicitors, for plaintiff in error.

*Mr. Harry Hess*, for defendant in error.

HAMILTON, J. The defendant in error, Raymond Robinson, a boy sixteen years of age, brought suit by his next friend against the plaintiff in error, the city of Cincinnati, for damages for personal injuries received in an automobile accident on Spring Grove avenue in the city of Cincinnati.

The case was tried to a jury and resulted in a verdict in favor of the plaintiff, Robinson, in the sum of $5,000.

The court overruled a motion for a new trial, and entered judgment on the verdict. From that

judgment the city of Cincinnati prosecutes error to this court.

The grounds of error urged are:

That the court erred in refusing to dismiss the jury and continue the cause, on the motion of the city.

That the court erred in the general charge.

That the verdict is against the weight of the evidence.

The motion to dismiss the jury and for a continuance of the cause was based upon the fact that just after impaneling the jury the jurors were requested to take seats in the court room while the court called in another jury to which had been submitted another case. Information was brought to the court from the jury, considering the other case, that they could not agree on a verdict. Thereupon, the court called that jury into the jury box, and, after ascertaining from them that they could not agree in the case which they were considering, called their attention to the fact that they had disagreed in two cases, and stated to them that while there was no reflection upon their services the fact that they had disagreed in two cases indicated that the general interest of justice might not be promoted in retaining them in future cases, and thereupon discharged them for that term.

It is urged by the city that this taking place in the presence of the jury in the immediate case was prejudicial. We do not see how any prejudice is shown to have resulted to the city. There was nothing in any way improper in the remarks made by the court, or which would tend to coerce a jury into an agreement. In fact, the court stated

that it did not believe in forcing an agreement, and that he favored jurors standing out for their convictions. The fact that the jurors in the instant case overheard remarks to that effect could in no way prejudice them in their consideration. The court, in its discretion, had a right to dismiss the jury from service, and the fact that the jurors in the instant case knew of the dismissal cannot be considered in itself sufficient upon which to predicate error.

At the close of the general charge, counsel for the city, plaintiff in error, made the following request:

"I ask the court to charge that if the injuries sustained by the plaintiff were caused by the sole negligence of Reeves, who was driving the car, then there can be no recovery against the city of Cincinnati; also that if the plaintiff and the other occupants of the machine were engaged upon a joint enterprise, then the negligence of the driver would be considered as the negligence of the plaintiff and attributed to him."

This request the court refused, and it is urged by plaintiff in error that it was entitled to a charge upon the question of joint enterprise, claiming Robinson to have engaged in a joint enterprise with the driver of the machine and the other boys.

The court charged the jury fully on the question of sole negligence and contributory negligence.

It appears that a boy by the name of Reeves was driving the automobile at the time of the accident; that some time in the evening of August 27, 1922, Reeves, together with two or three other boys, went to a garage and rented a Ford taxi-

cab; that after driving around the city all the fore part of the evening, and up until about twelve o'clock at night, in passing a restaurant they stopped and asked Robinson and another boy if they wanted to take a ride; that Robinson accepted the invitation, and, Reeves driving, the boys rode around town, and later started out Spring Grove avenue. It appears that some of the boys had tacitly agreed that they would drive up to Middle- town. In going out Spring Grove avenue, oppo- site Spring Grove Cemetery, the taxicab ran into a hole in the street, breaking the front wheel of the automobile, and upsetting it. All the boys were thrown clear, except Robinson, who was caught by the hand. The boys lifted the automo- bile off of Robinson. Another machine came along and took him to the hospital. His hand was so torn and mangled that amputation was necessary, and he suffered the loss of his left hand.

Joint enterprise was not pleaded as a defense. If the city was entitled to a charge on the subject of joint enterprise, it was at least necessary that the question should have been raised by the evi- dence. Joint enterprise involves the control and management of one equal with another, all being engaged jointly in a common enterprise, and each assuming the responsibility for his colleague's conduct. *N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326; 20 Ruling Case Law, 159.

We have read the record through and find no fact which would bring this question into the case. Robinson was invited to take a ride by the boys who had procured the machine some hours before. The evidence shows that all Robinson did was to accept the invitation, get in the car, and take a seat with his back to the driver. He assumed no

authority or right in the management or control of the automobile, and possessed none.

The court properly refused to charge on the question, and there was no error in the refusal.

On the weight of the evidence we find the verdict sustained by the evidence.

It is the duty of the city, and the court so charged, to keep or maintain the streets in a reasonably safe condition for public travel. The evidence is that the street at the place in question was badly out of repair and full of holes; that the hole which caused the accident was near the street car track, which track is in the center of the street, was from fifteen to eighteen inches deep, and about three feet long; that the hole was large enough to appear to be a dark place in the street; and that the street had been in this condition for some months. The testimony of the assistant city engineer was that the city knew this street at that place was out of repair. He further testified that the necessary repairs of the place in question, covering a space of about one hundred and fifty yards, could have been made in one day.

Under these circumstances, the court submitted the question to the jury as to whether or not the city had exercised ordinary care in permitting the street to be in the condition indicated, and also the question whether the street was in an unsafe condition for public travel. That the defect in the street caused the injury was clearly shown. These were questions for the jury and were properly submitted.

We find no prejudicial error in the record.

*Judgment affirmed.*

Cushing and Buchwalter, JJ., concur.