No. 424
COLLINS v. BOLUS
Ohio Appeals, 9th Dist., Summit Co.
No. 933.  Decided March 20, 1925.

480. EVIDENCE—When none is introduced upon question of joint enterprise, it is erroneous for court to charge on that question.

FUNK J.

Harriet Collins brought an action in the Summit Common Pleas against Ida Bolus and sought to recover for personal injuries received in an automobile accident. Collins was riding in a Ford owned and operated by one, Davis, who attempted to drive around the car driven by Bolus, when both cars collided and the Ford was upset, the injuries resulting of which Collins complained: Collins alleged the accident was due to the negligence of Bolus in driving her machine, and on answer Bolus declared that the collision was due to negligence on Davis in the manner in which he drove the Ford. The trial resulted in a verdict and judgment for Bolus. Error was prosecuted and Collins claimed that the court erred in its charge, which was based upon the doctrine of joint enterprise. The Court of Appeals held:

1. The charge was erroneous because there was no evidence to support a charge on this subject.

2. Joint enterprise, so as to make negligence of one the negligence of all must be in the particular matter concerning which the negligence is complained of and "each having control of the agencies and instruments employed to carry out the common purpose." Collins as an invited guest going to see the same person, as Davis did not constitute joint enterprise. Citing Kistler v. R. R. Co 66 OS. 326 and other authorities.

3. Because the charge was vague, indefinite and misleading as to joint enterprise and as to the joint negligence of the two drivers affecting right of Collins to recover from Bolus, the judgment is reversed and cause remanded.

Attorneys—Walter S. Hutchinson, for Collins; C. H. Workman, for Bolus; both of Akron.

No. 425
TOLEDO F. & F. RY. CO. v. TOLEDO & O. C.
RL. CO.
Ohio Appeals, 6th Dist, Lucas Co.
No. 1511.  Decided March 23, 1925.

677. JUDGMENT—Determining private and not affecting public rights, cannot be modified or nullified by act of any legislative body.

923. PLEADINGS—Not necessary to plead Ohio statutes, as court will take judicial notice of them.

WILLIAMS, J.

The Toledo and Ohio Central Railway Co. brought an action in the Lucas Common Pleas against the Toledo, Fostoria and Findlay Railway Co., an interest to recover for the expense of repairing and maintaining a crossing at a point in Fostoria where its tracks crossed those of the interurban.

The Railway Co. set forth in its petition that a judgment and decree had been rendered, July 18, 1912, in the Circuit Court of Seneca county on an appeal taken up from the Seneca common pleas, ordering that the interurban railway bear all expenses of the installation and maintenance of the crossing in question. The interurban railway set up that subsequent to that judgment an ordinance had been passed in which the corporate limits of Fostoria were extended so as to include, within the municipality, the crossing in question; which prior to the enactment of such ordinance was without the limits of the municipality. Sec. 3775. GC. was also plead in the answer. The Railroad Co. demurred to the answer, and it was sustained. Error was prosecuted by the interurban railway and the Court of Appeals held:

1. To plead 3775 GC was unnecessary. A court will take judicial notice of the statutes of this state.

2. The interurban railway's contention that the rights of parties to this action were regulated and fixed by 3775 GC., after the time of the passage of the ordinance and the incorporation of the territory which included the crossing; will not be upheld, and the court did not err in sustaining a demurrer thereto.

3. The judgment of the Seneca Circuit Court determined private rights and could therefore not be changed by modifying or nullifying on part of any legislative body. Judgment affirmed.

Attorneys—Denman, Wilson, Miller & Wall, for Interurban Ry; Doyle & Lewis for Ohio Central Rd.; all of Toledo.