## NOSE v SUHADOLNIK etc

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9347. Decided February 11, 1929

Harry F. Glick, Cleveland, for Nose.
Locher, Green & Woods, Cleveland, for Suhadolnik.

Judges MIDDLETON & MAUCK (4th Dist) and ROBERTS (7th Dist) sitting.

**ROBERTS, J.**

It is claimed that the trial court erred in refusing to give the following request after argument:

"I ask the court to instruct the jury that the mere fact that the automobile of defendant skidded upon the pavement without any other explanation of the skidding does not of itself show or denote negligence on the part of the defendant."

The allegations of negligence found in the petition of the plaintiff are as follows:

"Plaintiff stated that the defendant was careless and negligent in operating his motor vehicle at a high, dangerous and excessive rate of speed, to-wit, 28 miles per hour, and at a rate of speed which was unreasonable in view of the circumstances then existing. The defendant was careless and negligent in failing to sound a warning or to in any way apprise the plaintiff of his approach on said highway. The defendant was careless and negligent in failing to stop, change the course or abate the speed of the motor vehicle which he was operating, all of which in the exercise of due care, he could have done, after he saw the position of the plaintiff on the highway, and thereby could have avoided the accident."

It will be observed that the skidding of the truck was not alleged as substantive negligence or even mentioned in the petition nor was the skidding of the automobile submitted to the court as matter of negligence so that it could not have been under the pleadings and was not as a matter of fact a substantive ground of recovery submitted to the jury for its consideration.

The jury was quite fully and clearly instructed concerning the issues and its duties by the trial judge and it is not apparent that the jury could have understood that the skidding of the automobile could be considered by it as a ground of negligence or a reason for recovery by the plaintiff. The jury in its consideration of the issues must have looked back and beyond the mere skidding of the car to determine whether or not substantive negligence had occurred. While the simple skidding of the car was not of itself negligence, the car of course could not have skidded unless by reason of force applied in some way which put it in such motion, and that force under the issues, was the

operation of the car at such speed immediately preceding the accident in such manner and on a slippery pavement as caused the skidding. While the skidding of the car caused it finally to come in contact with the child the proximate negligence was that which caused the truck to skid. It is therefore not apparent that the refusal of the court to give this instruction was or presumably could have been prejudicial for the reasons suggested, namely, that the skidding of the car was not a proximate alleged act of negligence. Further than this, however, this court is of the opinion that under the facts and circumstances in this case, this instruction, if given, would have tended to obscure the issues and improperly mislead the jury for the reason that the skidding of the car was a direct result of and incident to the operation of the automobile, and in determining whether or not the automobile was operated at an excessive and unlawful rate of speed, considering the environments of the transaction, the jury had a right to take into consideration the wet condition of the pavement and the manner in which the car turned around and struck the girl, as matter of evidence tending to show whether or not the speed and management of the car by the defendant shows culpable negligence on his part. We do not think it was the duty of the jury to attempt to consider the speed of the car, and the other alleged wrongful conditions, wholly ignoring the fact that the car skidded and turned around. All that happened as a necessary part of and incident to the act of the defendant which caused the injury of the child, might properly have been taken into consideration by the jury in determining whether or not negligence existed. The final conclusion is reached that there was no reversible error appearing in the trial and the judgment of the Common Pleas court is hereby affirmed.

Middleton, PJ., and Mauck, J, concur.