Stephenson, J.
 

 Plaintiff in error contends that Emma Burlingame and Elizabeth Harrington at the time of the accident were engaged in a joint enterprise;that the act of Emma Burlingame was the act of Elizabeth Harrington, hence she cannot recover. Plaintiff in error further claims that it had a right, under Sec
 
 *4
 
 tion 9170 of the General Code of Ohio, to plant its pole at the point in question, and that by so doing it did not incommode the public in the use of the road.
 

 The telephone company interposed two defenses, the first amounting to a substantial denial; the second was to the effect that if plaintiff below was injured, as claimed by her, it was because of the carelessness of some one other than the telephone company.
 

 It is not disputed that Emma Burlingame and Elizabeth Harrington were proceeding to church when the accident occurred. We cannot subscribe to the contention that this was a joint enterprise; as it nowhere appears that Elizabeth Harrington had any authority to, or in any wise attempted to, control the operation of the automobile. This court has defined “joint enterprise” in the case of
 
 Bloom
 
 v.
 
 Leech, Admr.,
 
 120 Ohio St., 239, 166 N. E., 137. The gist of this definition is to the effect that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose. We fail to see wherein these ladies, at the time of the- accident, were engaged in a common enterprise.
 

 Plaintiff in error insists that it is given some immunity by reason of the provisions of Section 9170, General Code. This section provides as follows: “A magnetic telegraph company may construct telegraph lines, from point to point, along and upon any public road by the erection of the necessary fixtures, including posts, piers and abutments necessary for the wires; but shall not incommode the public in the use thereof.”
 

 Plaintiff in error seeks to apply the definition of “road,” as given in the case of
 
 Elms
 
 v.
 
 Flick,
 
 100 Ohio St., 186, 126 N. E., 66. This case involved the “meeting and overtaking” statute, wherein it was provided that persons operating motor or animal drawn vehicles under certain conditions should yield one-half the road.
 
 *5
 
 In meeting, each, should yield to the other the right one-half of the road. In overtaking another vehicle, the driver or operator of the rear vehicle was required to give an alarm or notice to the driver of the vehicle in front of his desire to pass; then the driver or operator of the vehicle in front was required to yield the left one-half of the road.
 

 This court in that case held that the term “road” as used in that section should be construed to mean “the improved portion of the road, where it is disclosed that it is of ample width to permit the passing of automobiles thereon with safety.”
 

 We have a different condition in the instant case. The traveling public has the right to the use of the highway to the entire width of the right of way as against all other persons using such highway for purposes other than travel, except those upon whom devolves the legal duty to maintain and repair such highway.
 

 The highway is primarily constructed for purposes of travel, and not as a site for monuments, billboards, telephone or telegraph poles, or any other device that may create an obstruction within the limits of the right of way. The Legislature must have had this rule in mind when it enacted Section 9170, General Code. The last clause of that section, “but shall not incommode the public in the use thereof,” is a danger signal to public utilities using the highways for their own private purposes. They are placed upon notice, to the effect that if they erect “posts, piers, and/or abutments” within the right of way of the highway, they must not prejudice the superior rights of the traveling public in so doing.
 

 It is further insisted that the court committed error in his charge to the jury in the use of the following language: “If you find by a preponderance of the evidence in this case that the defendant, The Cambridge Home Telephone Company, and the driver of
 
 *6
 
 the automobile iu which the plaintiff was riding were both negligent, then such acts of negligence would be concurrent, and if they proximately contributed to— that is, were the direct and proximate cause of the injury to plaintiff that she complains of, then your verdict may be against the defendant, The Cambridge Home Telephone Company alone; that is to the amount, of course, you find for plaintiff.”
 

 We are unable to find any error in this charge. It surely states the law. Had the driver of the automobile been joined as a party defendant with the telephone company, then this would have been an erroneous charge; but plaintiff below pursued the telephone company alone. Hence, there was no error in the use of this language.
 

 Plaintiff in error further contends that Elizabeth Harrington, plaintiff below, failed to prove that the location of the telephone pole was the proximate cause of her injury. The company claims that it cannot be held to have foreseen, in the exercise of ordinary care, that the placing of its pole in the position in which it was placed might cause injury.
 

 The telephone company was not an insurer of the safety of the traveling public, but the statute that gave it the right to use the highway for its own private purposes made plain that the company should not incommode the public in such use, and to that extent increased its degree of anticipation.
 

 There was conflict in the testimony on the question of the proximate cause, and the jury found in favor of the plaintiff below. This court cannot disturb that finding.
 

 We find no error in the record, and the judgment of . the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day and Allen, JJ., concur.