## ROTHGERY v SEATON

Ohio Appeals, 9th Dist, Lorain Co

No 664.   Decided Oct 13, 1933

Sidney H. Moss, Cleveland, and Deutsch & Dilgren, Elyria, for plaintiff in error.
R. H. Rice, Elyria, for defendant in error.

## OPINION

### PER CURIAM

A very simple case was presented. If plaintiff was not guilty of contributory negligence, he was entitled to recover against the defendant if the defendant's negligence was a contributing proximate cause of said collision, even though the negligence of the driver of the car in which plaintiff was riding was also a contributing proximate cause of said collision. And if the plaintiff was not guilty of contributory negligence, the only defense to the action was that the collision was caused solely by the negligence of the driver of the car in which plaintiff was riding.

That being the situation, it was clearly error for the trial court to charge the jury before argument that—

"By filing his petition, the plaintiff, Mr. Rothgery, has assumed the burden of proof. That means that unless he has proven to you by the greater weight of the evidence that the accident was caused by the negligence of the defendant, Mr. Seaton, his case has failed and he cannot recover."

This error, which related to an important issue in the case, was emphasized in the general charge, where the court repeatedly charged that defendant's negligence was of no avail to the plaintiff unless it was the proximate cause of said accident.

Under the situation presented in this case, it was not necessary that the negligence of the defendant be the proximate cause, but only a proximate cause.

4 O. Jur., "Automobiles," §17, p. 603.

The fact that the court in other parts of the charge stated the rule correctly, does not cure the error, if an error relating to such a fundamental matter could be cured.

On this subject the court charged both ways in the requests to charge which were given before argument, and also both ways in the general charge, and it is impossible to ascertain from the record which instruction the jury followed. We think it is settled in this state that, where there is an erroneous charge given, which is not withdrawn from the consideration of the jury, the error cannot be cured by correctly stating the law upon the same subject in some other part of the charge; and when there is nothing in the record to indicate which instruction was in fact followed, there is no presumption that the jury followed the correct instruction, and therefore the charge is misleading. In this case such error relates to a controlling issue, and we are bound to deem it prejudicial.

We also find that it was error for the court to permit the defendant to testify to his war record and wounds, when such matters were wholly immaterial to the issues in the case and calculated to arouse the sympathies or passion of the jury. The question was saved by repeated objections and exceptions, and we find nothing in the record to excuse such rulings by the court.

It was error for the court to submit to the jury the question of whether or not the plaintiff, a passenger, violated §6310-32, GC, which applies only to drivers of vehicles and not to passengers therein. It is probable that this was an inadvertence, and we mention it only because the case will have to be remanded for another trial.

It is unnecessary to pass upon the claim that the verdict is against the weight of the evidence, and we do not find prejudicial error in the other matters of which complaint is made.

For error in the charge of the court, the judgment is reversed and the cause remanded.

WASHBURN, PJ, FUNK and STEVENS, JJ, concur in judgment.