### JANOSIK v SPANG, etc

Ohio Appeals, 9th Dist, Summit Co

No 2381.   Decided Oct 17, 1934

E. G. Hammond, Akron, for plaintiff in error.

Amer, Sophrin & Cunningham, Akron, for defendant in error.

## OPINION

By STEVENS, J.

But two assignments of error are urged by counsel:

1. Error in the charge of the court.

2. Error in' the admission and rejection of evidence.

The record discloses that plaintiff and Steve Matusky were riding as passengers in a car owned and driven by Mike Lucas, under an arrangement whereby plaintiff "engaged Lucas to take them to Cleveland in his car when they would be off work, they to pay the gas for the trip."

In the transaction in question, we find

no facts which justify the conclusion that the driver, Lucas, was the servant of the plaintiff, or that Lucas was the agent of plaintiff, unless it arises out of a joint enterprise.

There is no evidence of joint enterprise between Lucas and plaintiff, and nothing to indicate a joint control in governing and directing the movements of the automobile.

"The principle of joint enterprise is based on partnership or mutual agency. * * * the test in determining the question is whether the parties were **jointly** operating or **controlling** the movements of the vehicle in which they were riding. There must be a **right** of mutual control. Where the guest has no voice in directing and governing the movements of the automobile, he cannot be said to be engaged in a joint venture with the driver, within the meaning of the law of negligence."

**Bloom v Leech, Admr., 120 Oh St 239, at pp. 243 and 244.**

However, the trial court charged that—
"Also, in so far as concerns the plaintiff in this case, any failure on his part to use ordinary care under the circumstances, or **obey the laws of the road which he was required to observe,** was negligence on his part."

It is our understanding that the laws of the road apply to the drivers of motor vehicles, and not to persons riding as passengers in motor vehicles, unless it be shown that the passenger . was exercising joint control over the operation of the motor vehicle in which he was riding.

**Rothgery v Seaton, 16 Abs 188.**

No such showing was here made, and hence the charge given constituted error.

**Collins v Bolus, 3 Abs 274.**

The court further charged as follows:
"As to this claim of contributory negligence, the burden is upon the defendant to show by a preponderance of the evidence that the negligence of the plaintiff contributed proximately to cause the plaintiff's damage before you can find that claim established, unless you find that the evidence offered by the plaintiff raises in your minds the inference that the plaintiff was negligent and that his negligence contributed proximately to cause his damage, and that such inference has not been either counterbalanced or removed by further evidence."

' We are unable. to find any evidence in the record from which .contributory negli-

gence on the part of the plaintiff might fairly be inferred, and while the answer sets up the defense of contributory negligence, no evidence was offered tending to substantiate the allegations of the answer in that respect, and hence it was error for the court to charge thereon. Were this the only error in the charge of the court, we would have difficulty in concluding that it was prejudicial.

However, the court charged the following:

"Something was said here about the evidence of Mike Lucas, the man who drove the Chevrolet car. If you find by a preponderance of the evidence that the proximate cause of the accident was the negligence of Mike Lucas in turning the Chevrolet into the defendant's car, if he did so, then the plaintiff cannot recover in this case."

This charge in effect said that the negligence of the driver of the car in which plaintiff was riding, if any, could be imputed to plaintiff.

The doctrine of imputed negligence does not obtain in Ohio.

**B. & I. R. R. Co. v Snyder, 18 Oh St 399.**
**Bloom v Leech, Admr., supra.**

This charge was error.

The combination of errors in the charge of the court lead us to the conclusion that the jury must have been misled by the charge as given, to the prejudice of the plaintiff, and that accordingly prejudicial error intervened.

Our conclusion in this respect requires a reversal of the judgment, and makes unnecessary a consideration of the errors claimed in the admission and rejection of evidence.

Judgment reversed and cause remanded.

WASHBURN, PJ, and FUNK, J, concur in judgment.