## ASHBROOK v CLEVELAND RAILWAY COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17932. Decided Mar 17, 1941

Harrison & Marshman, Cleveland, for plaintiff-appellee.

Squire, Sanders & Dempsey, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This action was brought to recover damages sustained by the plaintiff in a collision which occurred on the Harvard-Denison bridge. The plaintiff was driving his automobile in a wester-

ly direction on Harvard Avenue at about twenty miles per hour. He had proceeded but a short distance on the Harvard-Denison bridge when because of the slippery condition of the pavement his automobile skidded. In the skid his car turned to the left and over on the east bound street car tracks of defendant, where it came to a stop. In the skid the plaintiff stalled his motor and his car turned around so that it was facing in the direction from which he had come. While thus standing one of defendant's street cars which was then east-bound, struck the rear of the plaintiff's car and pushed it some 200 feet easterly.

It is the plaintiff's claim that he was driving in a careful and prudent manner and at a reasonable rate of speed and without fault on his part his car skidded as above indicated.

Plaintiff further testified that at the time he drove on to the Harvard-Denison bridge, he observed the defendant's east-bound street car which was the only other moving object on the bridge. The street car was then a considerable distance westerly from plaintiff's car.

The plaintiff testified that when he started to skid said street car was about 400 or 500 feet west of him and that after the plaintiff's car came to a stop and he had used a moment or two to try to start up again, he looked back and then observed that the street car was about 100 to 150 feet away. It then appeared to plaintiff that the street car was not intending to stop and he tried to get out of his automobile but before he could do so the collision took place.

Plaintiff testified that the skidding motion of his automobile carried him forward about fifty feet. The record also discloses by his testimony that about two or three seconds elapsed from the time he started to skid until his automobile came to a full stop. The plaintiff further testified that the bridge was well lighted and that the speed of the on-coming street car at the time he looked back through the rear window of his stalled automobile was about thirty-five miles per hour.

Nowhere in the plaintiff's case do we find any direct testimony as to the distance within which a street car could be stopped at a speed of thirty-five miles per hour, under the exact conditions which then existed. We do not consider such an omission fatal to plaintiff's case when all of plaintiff's evidence is given due consideration. While it is true that in cases where the evidence discloses that the distance between a claimant's automobile as he drives or skids out of control upon the tracks of an on-coming street car, is so short that men's common experience will not be sufficient to form a reliable judgment as to whether or not the street car could, by the exercise of ordinary care be stopped in time to avoid the collision, then and in that event expert testimony is desirable and perhaps necessary to fix the distance within which a street car can be stopped under the circumstances then existing, to establish that the collision could have been avoided in the exercise of ordinary care in the control of such street car. But where there is evidence disclosing such a long distance between a motor vehicle obviously skidding and out of control or stalled on the street car track of an approaching street car, that man's common experiences are sufficient upon which to found a sound judgment as to whether or not by the exercise of ordinary care the street car could have been stopped in such distance when operated under a given speed and under like conditions, then under these circumstances the absence of expert testimony is not fatal to plaintiff's case.

In considering the question as to whether the verdict is manifestly against the weight of the evidence or that there is an entire lack of evidence upon any material part of plaintiff's claim, we must consider the record in its most favorable light to the plaintiff. The facts supported by some credible evidence as above indicated, are as fol-

lows: That the automobile of plaintiff started to skid when the street car was from 400 to 500 feet away; that the plaintiff's automobile moved forward about 50 feet in the skid; that about two or three seconds elapsed between the beginning and the ending of the skid; that a moment or two after the skid had ended, the street car was from 100 to 150 feet away; that the street car was then proceeding at about 35 miles per hour and that the street was well lighted.

It is a fact of mathematical determination that a vehicle moving at the rate of 35 miles per hour is traveling about 52 feet per second. It is a matter of common knowledge also that the so-called reaction time of the average man (that is the time elapsing from the moment one sees danger until the moment when he can actually get into action to avoid it) is about three-quarters of a second. Considering the evidence as above outlined, in the light of the surrounding circumstances therefore, the jury could have found within the realm of reasonable █ probability that the motorman could and should have observed the skidding automobile of plaintiff which was then out of control, when he was 300 feet or more to the west of it and that such distance, when judged from a man's daily observation and experience, was sufficient to have avoided the collision by the exercise of ordinary care.

We do not contend that all these facts as herein outlined are absolutely established by the evidence, but there is certainly evidence supporting each of them which required that the case be submitted to the jury under proper instructions from the court.

It is a well recognized rule of law that the fact that the plaintiff's car skidded while traveling █ on a slippery pavement does not in itself establish negligence on the part of the driver. Skidding while driving on such a road is not so uncommon that unexplained it furnishes evidence of failure to exercise ordinary care under the circumstances.

**Glenny v Wright, 53 Oh Ap 1.** Syllabus 3:

"The skidding automobile upon a highway is not of itself evidence of negligent operation."

American Jurisprudence, Volume 5, page 654:

"Skidding, at least on a slippery pavement, is not necessarily due to negligence. The mere fact, therefore, that an automobile skidded does not of itself constitute evidence of negligence upon the driver's part, so as to render the doctrine of res ipsa loquitur applicable. Such skidding is not an occurrence of such uncommon and unusual character that unexplained it furnishes evidence of the driver's negligence."

The question, therefore, of the plaintiff's conduct in the management of his automobile becomes one for the jury, unless there is evidence in addition to the fact of skidding which, as a matter of law, could be said to establish negligence on the part of the plaintiff causing or contributing proximately to the cause of the collision. This is equally true on the question as to whether or not the plaintiff could have abandoned his automobile before the collision, and in time to have avoided injury to himself. Certainly the evidence upon this point would not permit a court to say, as a matter of law, that the plaintiff was negligent and that such negligence was the sole cause or a proximate contributing cause of the injuries of which he complains.

We, therefore, find that at the conclusion of the plaintiff's case, all of the elements required to be █ established by the plaintiff were supported by some evidence and that the court properly refused to direct a verdict at that point in the trial and that at the conclusion of the entire testimony the evidence was in such shape so as to require its submission to the jury.

We cannot say, as a matter of law, that the verdict is not sustained by sufficient evidence.

The judgment is therefore affirmed. Exceptions may be noted.

MORGAN, J., concurs.
LIEGHLEY, PJ., dissents.

By LIEGHLEY, PJ., (Dissenting):

I dissent from the judgment of affirmance for the reason that in my opinion the motion by the defendant for a directed verdict at the close of plaintiff's evidence should have been sustained and consequently that appellant is entitled to final judgment.

Plaintiff testified that he was driving his automobile in a westerly direction on the northerly side of the Denison-Harvard bridge and that when he arrived at a point some 150 or 200 feet west of the easterly end of the bridge, his automobile skidded and veered over and upon the east-bound street car tracks located south of the center of the bridge. He testified that when he was driving on the northerly side he looked westward and saw a street car approaching some 400 or 500 feet to the west. Of course he continued westward for a short distance and the street car continued eastward at its speed while the plaintiff's automobile was skidding over and across the center of the bridge and upon the east-bound tracks. The plaintiff also testified that when his automobile came to rest he looked to the west and the street car was distant about 100 to 150 feet. That he made some effort to start the car and then an effort to leave the car of which it does not appear that the motorman had any knowledge, when the street car struck the rear of the automobile causing the injuries of which he complains.

Some proof was offered by plaintiff to the effect that the automobile was forced eastward by the impact, a distance of about 200 feet.

Nowhere in plaintiff's case does it appear by proof that the motorman in the exercise of ordinary care was able to stop the street car in time to avoid hitting the automobile.

The entire claim of plaintiff of actionable negligence must be established on this record by proof that the motorman failed to exercise ordinary care in this regard. Without proof of such negligence on the part of the motorman no cause of action could be claimed by plaintiff. Whether or not the motorman in the exercise of ordinary care could have done so is left entirely to the speculation and guess of the jury.

The defendant was entitled to have its motion to direct considered and decided solely upon the record as it then existed without regard to any evidence that the defendant might offer. The defendant had the right to rest without offering any evidence and stand on the record thus far made.

The motion of the defendant for a directed verdict being overruled, the defendant thereupon offered its evidence. The motorman testified that he was able to stop the car within a distance of 50 to 60 feet. He also testified that the automobile of plaintiff veered over into his path immediately in front of the street car. Other witnesses were offered by the defendant supporting this statement of the motorman.

The plaintiff undertakes to establish his right to compensation by way of damages for his injuries by coupling his testimony that the street car was 100 to 150 feet west when his automobile came to rest on the east bound track with the testimony of the motorman that he could stop this street car within 50 to 60 feet. The plaintiff urged liability from the proof of these two facts at the same time ignoring the testimony of the motorman and the other disinterested witnesses that the plaintiff's automobile skidded over in front of the street car within a distance of from 10 to 40 feet of the street car. No circumstance nor reason appears in the case why the motorman should not have stopped his car if he could if he had been distant 150 feet at the time the automobile came to rest within his path of progress and the preponder-

ant proof establishes that he was not so distant.

The plaintiff seemingly takes the position that the motorman speaks the truth when he says he could stop within fifty or sixty feet, but speaks falsely when he says plaintiff's automobile skidded over immediately in front of the street car, notwithstanding the fact that the motorman in this respect is supported by other substantial proof in this statement from the mouths of apparently disinterested and credible witnesses.

If it be contended that this presents a jury question, then the verdict is manifestly against the weight of the evidence.

But no proof of actionable negligence having been offered by plaintiff, the defendant at the trial was entitled to have the motion to direct at the close of plaintiff's evidence sustained, if such a motion is allowed to serve its intended purpose in the event of failure of proof by the party holding the affirmative. Such motion is in effect a demurrer to the evidence and should be overruled or sustained solely upon the proof to which it is directed.