## CORRIVEAU, Plaintiff-Appellant, v. DEFENBAUGH et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4299. Decided October 21, 1949.

Clifford L. Rose, Columbus, for plaintiff-appellant.
Benoy & Sebastian, Columbus, for defendants-appellees.

58

**OPINION**

By HORNBECK, J.

The appeal is on questions of law from a judgment dismissing plaintiff's petition on the verdict of a jury.

On the 14th of November, 1944, plaintiff, a passenger for hire, was with her child being transported from University Hospital, where she had been confined due to childbirth, to Circleville. The ambulance, operated by an employee of defendants, was travelling south on Rt. 23 in the daytime on a highway that was wet. Plaintiff, lying on a cot and her newborn baby in a bassinet, were riding in the rear compartment of the ambulance. When the ambulance reached a place in the highway in front of the Hartman farms, where there is an S curve, it left the highway as it entered the first turn, skidded, turned around and came to a stop on the west side of the highway facing east, the back part against an elm tree.

The petition set out two specific charges of negligence against the defendant:

(1) Failure to keep the ambulance under control.

(2) Speed that was greater than reasonable and proper, namely, 50 to 60 miles per hour.

The petition also charged negligence generally upon the doctrine of res ipsa loquitur. The nature and extent of the injuries were set out. The answer denied any negligence and averred that because of the condition existing in the highway the occurrence complained of in the petition was wholly accidental. There was also a denial that the plaintiff received injuries as alleged in her petition or any injuries. There was proof of some injuries for which we are required to say that the plaintiff would be entitled to some damages if it conclusively appeared that she had a right to a verdict. There was evidence tending to support both averments of the petition as to negligence and the defense including the theory of unavoidable accident.

The court submitted the cause to the jury on the two specific averments of negligence but refused to charge upon res ipsa loquitur, although requested so to do by counsel for plaintiff.

Both parties requested certain special charges before argu-

ment, some of which were given and some refused. The jury returned a verdict for the defendants.

Nine errors are assigned which we will state as we consider them.

The 2nd, 3rd and 4th assignments of error relate to the refusal of the trial judge to present to the jury by special charge or in the general charge the law as to the inference in favor of the plaintiff arising from the res ipsa loquitur rule and it is urged at length that inasmuch as the petition charged and the evidence supported res ipsa loquitur the court erred to the prejudice of plaintiff in refusing to submit it to the jury. This doctrine has been recently the subject of much oral, as well as written dissertation, including an opinion released by this court October 17, 1949, **Pierce v. The Gooding Amusement Co.,** No. 4244, Franklin County. **(55 Abs 556.)** Without extended discussion we are satisfied to say that if the doctrine could be given application to the facts developed the question here presented has been determined by our own Supreme Court in the late case of **Winslow v. The Ohio Bus Line Company, et al., 148 Oh St 101,** and the first syllabus thereof, which reads:

"The doctrine of res ipsa loquitur is not applicable in a case where the petition and proof disclose that plaintiff had knowledge of the facts and circumstances showing the claimed negligence of defendant."

To like effect are other cases cited in the opinion, particularly **Loomis v. Toledo Rys. & Light Company, 107 Oh St 161,** and the opinion of Judge Jones in this case, citing with approval 29 Cyc. 624:

"The maxim res ipsa loquitur relates merely to negligence prima facie and is available without excluding all other possibilities, but it does not apply where there is direct evidence as to the cause, or where facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonable as that it was due to his negligence."

Also, **Weller, Exrx., v. Worstall, 129 Oh St 596, 600.**

A consideration of the testimony in this case is convincing that all the possible causes of the accident have been explored and developed upon the respective theories of the parties as so out in the pleadings. There is no necessity for invoking the benefit of an inference of the negligence of the defendants when the facts are available upon which the jury

had the requisite information to make determination of the issue whether or not the defendants were negligent, thereby causing plaintiff's injuries.

There are other reasons which could be advanced to support the action of the trial judge, the most cogent of which is that in probability the res ipsa loquitur doctrine had no application to the evidence developed. The mere fact standing alone, that an automobile skids on a highway and as a result thereof the plaintiff is injured does not require the inference that the accident would have occurred if ordinary care had been observed. **Fink v. N. Y. Central Ry. Co., 144 Oh St 1; Ashbrook v. Cleveland Ry. Co., 33 Abs. 497; Glenny v. Wright, 53 Oh Ap 1.**

The first assignment of error is,

"The refusal of the trial judge to withdraw from the consideration of the jury that part of the answer which set up unavoidable accident as a cause for the skidding and impact of the ambulance against the tree."

The claim of defendants was that there was oil and mud on the highway at the place where the automobile began to skid which was the cause thereof. There was some testimony that there were little pieces of sod and some scattered spots of oil on the west side of the highway near the place where the automobile skidded, about 150 feet north of and at the approach to the curve. The driver also testified that after the accident he saw the pieces of sod and the drops of oil which were in his lane of travel at the skidding point. It is true that one witness said that he did not observe any marks of any kind in the dirt which he observed on the highway and this is strong probative testimony that no wheel of the ambulance passed through the sod and oil. However, the trial judge would not have been justified in denying to the defendant the right to go to the jury on the averments of the answer that the material in the highway was a causative factor in the skidding of the ambulance. It may not be said that it had no probative effect whatever. Its weight for the jury.

The eighth assignment of error is that,

"The court erred in the exclusion of evidence."

This relates to the denial to plaintiff's counsel to have answer made to two of certain questions propounded to the witness, Stonerock. These related to the manner in which

counsel secured the name of Mr. Stonerock as a witness and his age at the time of certain convictions of criminal offenses which the record had developed. The former was of little consequence and the court could have accepted or denied the testimony without any prejudice to the cause of the plaintiff and the same may be said of the refusal to permit an answer to the last question. There was enough factual development in the testimony which was received to give the plaintiff the benefit which she would have obtained had the answer been made and had it appeared that Stonerock was a young man when he was convicted of the offenses. This fact had been developed and could have been presented to the jury in argument just as effectively as if the witness had been permitted to answer the specific question.

The 5th and 6th assignments are directed to the weight or sufficiency of the evidence. The 7th, to the effect that the verdict appears to have been returned under influence of passion and prejudice, and the 9th that,

"The court by comment during the trial of the cause abused his discretion."

We are satisfied to hold generally that no one of these assignments is well made. There was evidence from which the jury had the right to conclude that the defendant was not negligent in either particular asserted by the plaintiff and that the collision occurred by reason of unavoidable accident. There is nothing in the record, nor in the verdict of itself, to indicate passion or prejudice on the part of the jury and the questions of the trial judge were not improper nor do they indicate any favoritism for the defendants or prejudice against the plaintiff.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.