CLEMENS, APPELLANT, *v.* BISHOP, APPELLEE.

(No. 667—Decided April 19, 1954.)

*Mr. R. W. Kilbourne* and *Messrs. Young & Young,* for appellant.

*Messrs. Freeman & Freeman,* for appellee.

FESS, P. J. This is an appeal on questions of law from a judgment entered upon a verdict for defendant. The litigation arises out of an automobile collision at or near the intersection

of Hasbrook Road and State Route No. 61 in Huron County, Ohio, at about 4:30 p. m. on June 11, 1950. Previous to the collision it had rained and the pavement of route No. 61 was wet. At the time of the accident it was misty. State Route No. 61 runs north and south. Hasbrook Road approaches route No. 61 at right angles from the east and deadends at route No. 61. The usual "stop" sign is erected on the north side of Hasbrook Road and also the "stop ahead" sign further to the east. There are slight elevations on each road as it approaches the intersection. As defendant approached the intersection on Hasbrook Road, intending to turn south on route No. 61, plaintiff's driver approached the intersection from the south.

Defendant testified that before entering the intersection he came to a complete stop, looked both ways, saw no approaching traffic, and slowly entered the intersection, crossed the center line, turned south and when his automobile was entirely over the center line in the southbound lane, plaintiff's automobile skidded, veered to its left, struck the left rear door of defendant's car and pushed it over onto the westerly berm of the highway. Defendant's testimony was corroborated by his wife who was his only passenger. Plaintiff's driver testified that as he approached the intersection at a rate of 50 miles per hour, he observed defendant's automobile approaching from his right at a moderate rate of speed, but that defendant entered the intersection without stopping. When the driver became aware of the failure of the defendant to stop, he was about 100 feet from the intersection. Confronted with this emergency, he applied his brakes, but was unable to stop before colliding with the left rear door of defendant's car. He said that at the time of the collision one-third to one-half of defendant's car was on the east half of route No. 61. The driver was not certain whether his car skidded on the damp pavement, but he did say that it moved forward in a straight line. He said also defendant's car cut the corner. The driver's testimony was corroborated by the plaintiff, his mother. Conclusions reached from physical evidence of damage to automobiles are often inaccurate, but it should be stated that photographs of defendant's car disclose a substantial dent in the left rear door and fender. It came to rest on the west berm, two feet off the paved portion

of the highway, fronting east and slightly toward the south at a point opposite the southerly berm extended off Hasbrook Road. It may reasonably be inferred from the position of defendant's car after the collision that at the time of impact he had not completed his turn onto route No. 61. The other car suffered damage to its left front corner (light, fender and wheel), and came to rest also on the westerly berm of route No. 61, headed northwest about 25 feet north of defendant's car. It is difficult to conceive how this result could have occurred if plaintiff's car, in skidding, had side-swiped defendant's automobile. The position of plaintiff's car on the west side of the highway may be attributed to damage to its left front wheel.

Error is assigned concerning the giving, upon request of the defendant, the following pre-argument special instruction:

"2. I say to you as a matter of law that if you find from the evidence and by a preponderance thereof that at the time of the collision between the motor vehicle in which plaintiff was a passenger and the automobile of the defendant, the automobile of defendant was entirely to the westerly side of the center line of Route 61, then your verdict must be for the defendant."

Plaintiff asserts that this request to charge is contrary to the rule in *Kohn, Admx., v. B. F. Goodrich Co.,* 139 Ohio St., 141, 38 N. E. (2d), 592, and that "the fact that the auto in which plaintiff was riding came into collision because it skidded across the road does not necessarily prove negligence on the part of her driver; *Satterthwaite* v. *Morgan,* 141 Ohio St., 447, at page 453." In the *Goodrich case,* defendant's driver skidded on an icy pavement over the center to his left upon the opposite lane of travel and struck plaintiff's decedent. It was held prejudicial to charge upon plaintiff's request that a violation of the statute requiring motor vehicles to keep to the right is negligence per se, without explaining to the jury what would or would not constitute a violation of the statute. The charge as given was purely an abstract principle of law. The court says, at page 146:

"If the court properly defines the issues and states the law with reference thereto in such form that the jury should understand the application thereof to the evidence, the charge is not vitiated by abstractness. Special instructions likewise

must contain language which shows the application of a definite and pertinent legal principle to evidence in the cause on trial.''

In proceeding to determine whether the giving of the abstract charge was prejudicial, the court pointed out that according to plaintiff's evidence it was inferable that defendant's driver was on the wrong side of the road and was endeavoring, while going at an unwarranted rate of speed on a slippery way, to get back to the right side. Under such evidence the court properly charged that the violation of the statute was negligence per se. But the court further pointed out that defendant's evidence tended to show the driver was proceeding on the right-hand side and that 20 feet from decedent the truck, without fault of the driver, suddenly skidded across the bridge and hit the decedent. The court concluded that if, as defendant claimed, it was impossible for the driver, traveling on the right, to keep the truck from going to the left, there would be no violation of the statute. Therefore, the court further concluded that without any explanation whatsoever of the application of the abstract charge to the evidence, the giving of it was prejudicial.

Judges Conn and Deeds are of the opinion that in its effect the charge tells the jury to return a verdict for the defendant without regard to any exculpatory circumstances which might have excused the driver of plaintiff's car from colliding with defendant's automobile in the west half of the highway. It may be inferred from the evidence that defendant, who was bound to yield the right of way to plaintiff's driver, may have succeeded in crossing over to the west half of the highway by proceeding over the other driver's right of way, and plaintiff's driver, confronted by the emergency thus created by the defendant, in an endeavor to extricate himself from the hazard may have veered to his left or skidded over onto the opposite lane and collided with defendant's automobile, without fault on the part of such driver. In other words, the pronouncement of a rule of absolutely no liability on the part of the defendant in case the collision occurred in the westerly lane regardless of circumstances is error prejudicial to the plaintiff. Judges Conn and Deeds are also of the opinion that the charge ignores

the element of proximate cause of plaintiff's injury as between the conduct of the defendant and that of her driver, whose negligence, if any, may not be imputed to plaintiff. A majority of this court, therefore, conclude that the giving of charge No. 2 was prejudicial error.

Judge Fess is of the opinion that the charge in question is different from the wholly abstract charge in the *Goodrich case.* As the court said in the *Goodrich case,* most charges contain a modicum of abstract matter. In fact, the charge in the instant case is—if the jury find the collision took place entirely to the westerly side of the center lane, its verdict should be for the defendant. In other words, if the jury believed defendant's testimony that he was entirely within his own lane of travel when the collision occurred, there could be no recovery against him. No assumption of fact is included in the charge. It is predicated upon a finding from the evidence. It applies a principle of law to the primary issue in the case—was the defendant guilty of negligence.*

Neither contributory negligence nor negligence of plaintiff's driver, unless it is the sole proximate cause (*Schreiber* v. *National Smelting Co.,* 157 Ohio St., 1, 104 N. E. [2d], 4), is involved. The charge in the *Goodrich case* was wholly abstract. The decision proceeds on the premise that the giving of an abstract statement of law is *ipso facto* erroneous but that it is not necessarily prejudicial unless the want of explanation and application to the evidence imports to the charge such abstractness as to make it prejudicial. The first paragraph of the syllabus is as follows:

"The giving of a special instruction, requested before argument, which, though stating a pertinent legal principle, does not concretely apply it by apt language to evidence in the case, constitutes error, which, if prejudicial, requires reversal of the judgment."

A majority of the court are of the opinion that the charge tells the jury to return a verdict for the defendant without regard to any exculpatory circumstances. But in context and ar-

---

*In his answer defendant admits the occurrence of the collision and some resulting injury to plaintiff and neglects to deny plaintiff's allegations of negligence; but the case proceeded to trial as if such allegations were denied.

rangement, the charge is not different from the frequently employed charge that if the jury find the plaintiff guilty of contributory negligence proximately contributing in any degree to his injury the verdict must be for the defendant. The suggestion of the majority that the charge fails to comprehend the possibility of defendant successfully crossing the opposite driver's lane of travel over into defendant's lane is a possibility, but no such circumstance is presented by the evidence in the instant case. Defendant's evidence tends to show that he was entirely within his own lane of travel. Plaintiff's evidence tends to show that defendant was within plaintiff's driver's lane of travel. The case was submitted to the jury upon this conflict in testimony. Judge Fess is therefore of the opinion that it does not affirmatively appear that error prejudicial to the defendant resulted from the giving of special charge No. 2.

Additional error is assigned concerning the giving upon request of the defendant of the following special instruction:

"3. I say to you as a matter of law that the vehicle occupied by the plaintiff had the right of way over the vehicle operated by defendant at the intersection of Hasbrook Road and State Route No. 61 only in the event that the vehicle occupied by the plaintiff was being operated in a lawful manner."

Essentially, this charge presents only an abstract proposition of law. It does not say, if you find from the evidence that the vehicle in which plaintiff was riding was not at the time proceeding in a lawful manner, but was proceeding in violation of law, such vehicle lost its preferential status under the law, and thereupon the relative obligations of the drivers of the converging vehicles are to be governed by the rules of common law, that is, each driver owes the other the duty of exercising ordinary care. Cf. Conn, J., in *Zimmer* v. *Rabkin* (Wood County Common Pleas Court, unreported); 2 Ohio Instructions to Juries (Fess), 201, Section 70.19; *Morris* v. *Bloomgren,* 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831. The sole negligence of plaintiff's driver was not an issue in the case, nor can the negligence of plaintiff's driver be imputed to plaintiff. A requested pre-argument instruction not only must be a correct statement of the law, but it must relate to an issue in the case. See: *Sheen* v. *Kubiac,* 131 Ohio St., 52, 1 N. E. (2d), 943. Com-

pare, *Cincinnati Traction Co. v. Forrest,* 73 Ohio St., 1, 75 N. E., 818; *Toledo Rys. & Light Co. v. Campbell,* 79 Ohio St., 441, 87 N. E., 1142; and *St. Paul Fire & Marine Ins. Co. v. Baltimore & Ohio Rd. Co.,* 129 Ohio St., 401, 411, 195 N. E., 861. It is, therefore, concluded that the giving of special instruction No. 3 may have misled the jury and was prejudicial to the plaintiff.

Other errors assigned have been considered and found nonprejudicial.

For error prejudicial to the plaintiff in the giving of special instruction No. 2 (Conn and Deeds, JJ., concurring) and in the giving of special instruction No. 3 (Fess, P. J., Conn and Deeds, JJ., concurring), the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN and DEEDS, JJ., concur.