ELFERS, APPELLANT, *v.* BRIGHT ET AL., APPELLEES.*

*Motion to certify the record overruled, April 15, 1959.

(No. 7201—Decided October 6, 1958.)

*Messrs. Catri & Catri, Mr. A. H. Dudnik* and *Mr. M. I. Nurenberg,* for appellant.
*Messrs. Flynn, Py & Kruse,* for appellees.

Fess, J. This is an appeal on questions of law from a judgment entered upon a verdict for defendant Ritchey returned upon direction of the court at the conclusion of plaintiff's case. At the outset of the trial, plaintiff had her action dismissed as against the defendant Bright, owner and occupant of the car involved herein, at the time of the accident, and the trial proceeded against the defendant Ritchey, driver of the automobile and hereinafter called defendant, upon the first cause of action for negligence.[1]

Plaintiff sustained her injuries as a result of the skidding of the automobile, driven by defendant, upon an icy pavement over to its left and its colliding with a vehicle which had been approaching from the opposite direction, had pulled over to its right. partially on the berm of the highway, and was stopped at the time of the collision.

Plaintiff and the other three occupants of the vehicle were enroute to Florida. Prior to proceeding upon their journey, it was agreed between the owner of the automobile and its other three occupants that the expense of gasoline and oil purchased on the trip would be equally shared by the four women. By reason of such agreement, although no payment had been advanced by the plaintiff pursuant thereto, plaintiff occupied the status of a paying passenger rather than a guest within the purview of the guest statute (Section 4515.02, Revised Code).

---

[1] The second cause of action seeks recovery for wilful and wanton misconduct under the guest statute. There was no evidence adduced tending to show such misconduct.

*Duncan* v. *Hutchinson,* 139 Ohio St., 185, 39 N. E. (2d), 140; *Miller* v. *Fairley,* 141 Ohio St., 327, 48 N. E. (2d), 217; cf. *Hasbrook* v. *Wingate,* 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342; *O'Rourke, Admx.,* v. *Gunsley,* 154 Ohio St., 375, 96 N. E. (2d), 1; *Vest, a Minor,* v. *Kramer,* 158 Ohio St., 78, 107 N. E. (2d), 105; *Birmelin, Admx.,* v. *Gist, Admx.,* 162 Ohio St., 98, 120 N. E. (2d), 711; *McMahan* v. *McMahan,* 38 Tenn. App., 498, 276 S. W. (2d), 738; *Miller* v. *Henderson,* 41 N. J. Sup., 15, 124 A. (2d), 23.

We have considered the circumstance that in the instant case the owner was dismissed and that the action proceeded against the driver alone, who received no compensation except the reduction of the amount of her share of the expense by the participation therein by the two other occupants of the automobile. At the outset of the trip, the plaintiff attained the status of a passenger. The fact that the owner elected to delegate the driving of the vehicle to another as her agent (*Ross* v. *Burgan,* 163 Ohio St., 211, 126 N. E. [2d], 592, 50 A. L. R. [2d], 1275) in our opinion did not relieve such driver of the duty to exercise due care to a fellow paying passenger. The guest statute applies to the operator as well as the owner and person responsible for the operation of the vehicle, but since it is in derogation of the common law, its general provisions are to be strictly, albeit reasonably, construed, and the exception is to be liberally construed in favor of one who comes within the purview of such exception. *Miller* v. *Fairley, supra* (141 Ohio St., 327); *Clinger* v. *Duncan,* 166 Ohio St., 216, 141 N. E. (2d), 156. We therefore conclude that the defendant was liable to the plaintiff for failure to exercise ordinary care in the operation of the vehicle.

Although the four women were engaged in a common objective, they were not engaged in such a joint enterprise as would impute the negligence of the defendant to the plaintiff. The element of control by the plaintiff over the operation of the vehicle was lacking in the instant case. *Bloom* v. *Leech, Admr.,* 120 Ohio St., 239, 166 N. E., 137; *Cambridge Home Telephone Co.* v. *Harrington,* 127 Ohio St., 1, 186 N. E., 611; *City of Cincinnati* v. *Robinson,* 18 Ohio App., 145; *Casper* v. *Higgins,* 54

Ohio App., 21, 6 N. E. (2d), 3; *Marsh* v. *Community Traction Co.*, 61 Ohio App., 194, 22 N. E. (2d), 512; *Janosik* v. *Spang*, 18 Ohio Law Abs., 72; *Dietz* v. *Chandler*, 40 Ohio Law Abs., 10, 56 N. E. (2d), 937; *Oswell* v. *Smoyer*, 73 Ohio Law Abs., 502, 138 N. E. (2d), 168.

Assumption of risk as a matter of law is not presented in this appeal.

In the journal entry it is recited that the motion to direct the jury to return a verdict for the defendant was granted on the ground that the plaintiff had failed to show any actionable negligence on the part of the defendant. The record discloses that soon after leaving Sandusky bad weather was encountered. Throughout the trip, the highway was wet and slippery. At the outset of the journey, the owner of the car drove, during which time the car slipped and slid on the slippery highway and on one occasion the car was required to stop for ten or fifteen minutes because of a blinding snowstorm. Prior to reaching Washington Court House, the defendant took over the driving and also encountered snow and ice. On one occasion she narrowly missed a collision with a pole. There had been intermittent patches of ice on the road throughout the trip. Throughout defendant's driving, the car slipped and slid, although the testimony tended to show the car was substantially kept under control. After leaving Washington Court House, the condition of the road improved and the car was driven four or five miles without encountering any ice. Immediately prior to the accident, the driver observed a highway sign warning ''Hill and Curve Slow Down.'' She reduced the speed from 30 or 35 to approximately 20 miles an hour and proceeded down the hill, which was about a block long, without any incident or difficulty. When near the bottom of the hill, the car suddenly hit a patch of ice, skidded out of control and collided with the oncoming car which had stopped after pulling off the road. The occupants of the car testified as follows:

''* * * A. Going down the hill nothing happened, just driving naturally until we hit the ice; then the car went completely out of control.

''Q. What did the car do? A. It started swerving to the

extreme left and right about three or four times and the driver was maneuvering the wheel, trying to get the car in the right lane of traffic.

"* * * *

"* * * A. Well, Donna kept the car under control going down the hill and when we got to the bottom of the hill, it was spotty again and she went into a skid, she was back and forth across the road three or four times; she was fighting the wheel, couldn't get it into control, and the car that was coming, we could see the headlights when she got around the curve, you could see the headlights, that car evidently saw what was happening and he pulled over off the side of the road and stood off the road."

The mere skidding of an automobile is not, alone and unexplained, evidence of the negligent operation of a motor vehicle. *Glenny* v. *Wright*, 53 Ohio App., 1, 4 N. E. (2d), 158; *Kaczmarek* v. *Murphy*, 78 Ohio App., 449, 70 N. E. (2d), 784; *Sizemore* v. *Belser*, 80 Ohio App., 383, 74 N. E. (2d), 560; cf. *Kohn, Admx.*, v. *B. F. Goodrich Co.*, 139 Ohio St., 141, 38 N. E. (2d), 592; *Satterthwaite* v. *Morgan, Jr.*, 141 Ohio St., 447, 453, 48 N. E. (2d), 653; *Nose* v. *Suhadolnik*, 7 Ohio Law Abs., 441; *Ashbrook* v. *Cleveland Ry. Co.*, 33 Ohio Law Abs., 497, 34 N. E. (2d), 992. But evidence of skidding with other circumstances attendant thereto may present a question for the consideration of the jury to determine whether the skidding into a collision was unavoidable or due to a lack of ordinary care in the operation of the car. *Kaczmarek* v. *Murphy, supra* (78 Ohio App., 449, 452); cf. *Hangen, a Minor*, v. *Hadfield*, 61 Ohio App., 93, 22 N. E. (2d), 419, affirmed 135 Ohio St., 281, 20 N. E. (2d), 715; *Satterthwaite* v. *Morgan, supra*; *Nose* v. *Suhadolnik, supra*; *Ashbrook* v. *Cleveland Ry. Co., supra*; *Corriveau* v. *Defenbaugh*, 56 Ohio Law Abs., 57, 91 N. E. (2d), 39.

In opposition to the claim of plaintiff that the defendant was guilty of negligence per se in violation of the provisions of Section 4511.25, Revised Code (*Brandt* v. *Mansfield Rapid Transit, Inc.*, 153 Ohio St., 429, 92 N. E. [2d], 1), defendant contends that under the circumstances disclosed by plaintiff's evidence, defendant was excused from compliance with the mandatory provisions of the statute. It is well established that an

operator who has failed to comply with a mandatory statutory provision may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible. *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St., 471, 3 N. E. (2d), 427; *Hangen, a Minor*, v. *Hadfield*, 135 Ohio St., 281, 20 N. E. (2d), 715; *Matz, Admr.*, v. *J. L. Curtis Cartage Co.*, 132 Ohio St., 271, 7 N. E. (2d), 220; *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St., 81, 87, 33 N. E. (2d), 3, 133 A. L. R., 960; *Kohn, Admx.*, v. *B. F. Goodrich Co., supra* (139 Ohio St., 141, 147); *Satterthwaite* v. *Morgan, supra*. Cf. *Clemens* v. *Bishop*, 99 Ohio App., 303, 133 N. E. (2d), 402. But evidence tending to show impossibility of compliance presents a question for the jury (*Hangen* v. *Hadfield, supra* [135 Ohio St., 281]; *Matz* v. *J. L. Curtis Cartage Co., supra*; *Satterthwaite* v. *Morgan, supra*), and the burden of proof as to such excuse rests upon the operator. *Glasco* v. *Mendelman*, 143 Ohio St., 649, 653, 56 N. E. (2d), 210; *Bennett* v. *Sinclair Refining Co.*, 144 Ohio St., 139, 147, 57 N. E. (2d), 776; *Lehman* v. *Haynam*, 164 Ohio St., 595, 600, 133 N. E. (2d), 97; *Lagos* v. *Kahler*, 99 Ohio App., 214, 132 N. E. (2d), 254.

We, therefore, conclude that at the close of the plaintiff's case the evidence was such that reasonable minds could reasonably draw different conclusions upon whether the defendant was chargeable with negligence proximately causing plaintiff's injury.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

DEEDS and SMITH, JJ., concur.